S01A0039. McKENZIE v. THE STATE.
S01A0703. SCOTT v. THE STATE.
(549 SE2d 337)

FLETCHER, Presiding Justice.

A jury convicted James McKenzie and Tommy Scott of murder in the shooting death of Roderick Davis.[1] Because we find no error

---

[1] The crime occurred June 21, 1998. A grand jury indicted the defendants on April 20, 1999. On May 13, 1999, a jury found defendants guilty. The trial court sentenced each defendant to life imprisonment for malice murder, a consecutive five-year sentence for possession of a firearm, and consecutive ten-year sentences for kidnapping and aggravated assault. McKenzie filed a motion for new trial on June 2, 1999, which the trial court denied on July 14, 2000. He filed his notice of appeal on August 3, 2000 and the case was submitted for decision without oral arguments on November 13, 2000. Scott filed a motion for new trial on June 11, 1999, which the trial court denied on August 11, 2000. Scott filed his notice of

requiring reversal, we affirm.

1. The evidence at trial showed that Davis had agreed to sell cocaine to Herman Morris for $31,000; however, the drugs were not good quality. Early in the morning of June 21, 1998, Davis approached Morris and Scott, who argued with him, and the three drove away together. Shortly thereafter, McKenzie joined them. Scott hit Davis in the back of the head with a pistol; Scott, Morris, and McKenzie forced Davis into the trunk of a car, drove him to an empty stretch of road, forced him out of the car, and shot him numerous times. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found McKenzie and Scott guilty of the crimes charged.[2]

2. The trial court failed to conform its charge on aggravated assault to the evidence presented in the case and instead read the entire aggravated assault statute. We remind trial courts, as we have before, that the better practice is to conform a charge to the evidence in order to avoid confusing the jury. A review of the record in this case, however, shows that there was no possibility that the jury was misled by reading the entire statute.[3]

3. The state presented an eyewitness who testified that McKenzie had previously shot another man in a drug-related shooting. This evidence satisfied the state's burden of establishing McKenzie's identity in the similar transaction.[4]

4. McKenzie's claim of error in the trial court's felony murder charge is moot because he was convicted of malice murder.[5]

5. Johnerson Adams testified that Morris had told him that he participated in the murder of Davis because of a drug deal gone awry. Scott challenges the admission of this testimony. The testimony did not implicate Scott in the drug deal or murder, and, therefore, it was not subject to an objection by Scott.

6. Because Scott could not raise an objection to Adams' testimony, his counsel was not ineffective for failing to object to it.

*Judgments affirmed. All the Justices concur.*

appeal on September 7, 2000 and the appeal was orally argued on April 16, 2001.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] Compare *Harwell v. State*, 270 Ga. 765, 766-769 (512 SE2d 892) (1999) (conviction reversed where jury charged that aggravated assault could be committed in ways other than as alleged in indictment and evidence of alternative method of commission of crime was introduced).

[4] See *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).

[5] *Holiday v. State*, 258 Ga. 393, 398 (369 SE2d 241) (1988).

DECIDED JUNE 4, 2001 —
RECONSIDERATION DENIED JULY 27, 2001.

*William J. Mason*, for appellant (case no. S01A0039).
*William F. Rucker*, for appellant (case no. S01A0703).
*J. Gray Conger, District Attorney, Alonza Whitaker, Susan L. Henderson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.