S01A1150. PERRY v. THE STATE.
(552 SE2d 798)

HINES, Justice.
A jury found Brandon Perry guilty of malice murder, felony mur-

der while in the commission of armed robbery, armed robbery, aggravated assault, two counts of possession of a firearm/knife during the commission of a felony, and theft by taking a motor vehicle in connection with the fatal shooting of Latisha McDaniel and the wounding of Paul Morrison. Perry challenges the admission into evidence of his custodial statement; the sufficiency of the evidence of armed robbery; and the allowance of a physical demonstration of the position of the murder victim when she was shot and killed. Finding the challenges to be without merit, we affirm.[1]

The evidence construed in favor of the verdicts showed that shortly after midnight on the morning of December 14, 1995, Brandon Perry, nicknamed "B-Nut," went alone to the mobile home where Paul Morrison lived to purchase marijuana. Morrison's girlfriend, Latisha McDaniel, and McDaniel's four-year-old daughter, Tess, also lived there and were present at the time. Morrison left Perry in the living room while he went back to the bedroom, where he and McDaniel had been watching a video, to retrieve a "joint" of marijuana to sell Perry. When he returned, Perry was standing in the kitchen holding two automatic pistols, one black and one chrome. Perry then fired, and a bullet struck Morrison in the face.

Morrison fell next to the kitchen table. As he was lying there, he could hear a lot of noise like "stuff getting shoved around" followed by a gunshot. He continued to hear noises and then saw Perry emerge from the bedroom. He lay still as Perry walked into the kitchen and behind him. Perry went through Morrison's pockets and stabbed him in the back and side with a butcher knife. Perry went back down the hall and took Morrison's pit bull puppy from a cardboard box. Perry then left and drove away in McDaniel's car.

Morrison managed to get up and exit the mobile home to get help. As he walked out, he saw McDaniel on the floor of the bedroom but did not know that she was dead. He went to a nearby mobile

---

[1] The crimes occurred on December 14, 1995. On October 15, 1996, a Muscogee County grand jury indicted Perry for the malice murder of Latisha McDaniel; the felony murder of Latisha McDaniel while in the commission of armed robbery; the armed robbery of Latisha McDaniel; the aggravated assault of Paul Morrison; possession of a firearm/knife during the commission of murder; possession of a firearm/knife during the commission of aggravated assault; and theft by taking a motor vehicle. Perry was tried before a jury on August 18-19, 1997, and found guilty of all charges. On August 19, 1997, he was sentenced to life imprisonment for malice murder; a concurrent 20 years in prison for armed robbery; a consecutive 20 years in prison for aggravated assault; and five years in prison to be served consecutively to the life term for each count of possession of a firearm/knife during the commission of a felony. The felony murder and theft by taking were nolle prossed on October 26, 1997. A motion for new trial was filed on August 26, 1997, amended on August 11, 2000, and denied on April 6, 2001. A notice of appeal to the Court of Appeals was filed on March 2, 2001. The appeal was transferred to this Court on April 26, 2001, and was docketed in this Court on May 3, 2001. The case was submitted for decision on June 25, 2001.

home, where a neighbor called the police. Having removed the knife from his back, Morrison lay down until the police arrived. He was able to tell them that "B-Nut" shot him and to give them the make and license plate number of the stolen car before being taken to the hospital.

The police found Tess in the mobile home, terrified but physically unharmed. McDaniel's body was in the bedroom. She was on her knees with her face toward the ground in what was described as a "fetal position" or "Indian style." She had sustained a bullet wound through the head; the pistol had been placed directly against her temple, and the bullet traveled from the front of her head towards the back at a downward angle. McDaniel's purse was found in the bedroom; the contents had been dumped onto the bed.

Approximately an hour later, Perry showed up at his cousin's home with Morrison's pit bull puppy. The cousin later received information that Perry had hidden a chrome automatic pistol in her home. She allowed the police to retrieve the weapon. In the past, the cousin had seen Perry with a black automatic handgun.

Approximately six hours after the crimes, Perry was stopped by a patrol unit while driving the stolen car. In a videotaped statement, Perry admitted that he was present at Morrison's mobile home during the shootings but claimed that a companion named "J.D." shot the victims. Perry subsequently admitted that he lied about a perpetrator "J.D." in his statements to police.

1. Perry is unsuccessful in his contention that the trial court erred in permitting evidence of his videotaped custodial statement because it was coerced by promises of benefit made to him. At the *Jackson-Denno* hearing, Perry asserted that a detective, who was an acquaintance since childhood, spoke with him before Perry was taken into the interview room, and told Perry that if he admitted to the killing, the detective "would see that [Perry did] nine years and get out." But the detective did not testify at the hearing, and the State presented evidence that two other officers were involved in Perry's detention and questioning, and that Perry was not promised anything in return for his statement. The trial court makes findings about facts and credibility relating to the admissibility of an inculpatory statement, thereby resolving any conflicts in the evidence, and those determinations are to be upheld on appeal unless clearly erroneous. *Berry v. State*, 267 Ga. 605, 610 (7) (481 SE2d 203) (1997). And the record in this case supports the trial court's finding of voluntariness.

What is more, even accepting Perry's alleged exchange with the detective, the evidence does not support the finding that Perry's recorded statement was induced by the hope of benefit so as to render it inadmissible. OCGA § 24-3-50. At the *Jackson-Denno* hearing,

Perry testified that he did not believe anything that the police were telling him, including the alleged statement that he would receive only a nine-year sentence for a murder if he confessed. Therefore, even under Perry's version of events, his recorded statement was not made in reliance on or in the hope of promised lighter punishment.

2. There is no merit to Perry's contention that the State failed to present any evidence to support the armed robbery charge.[2] The evidence was that after fatally shooting McDaniel and shooting and stabbing Morrison, Perry fled the scene in McDaniel's car. This coupled with the evidence of McDaniel's emptied purse clearly supported the inference that Perry took McDaniel's car keys from her or from her immediate presence. OCGA § 16-8-41 (a). The evidence was sufficient to enable a rational trier of fact to find Perry guilty beyond a reasonable doubt of armed robbery and all other crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. During closing argument, the prosecutor asked another assistant district attorney to "sit Indian style" and face him in order to illustrate McDaniel's physical position when she was fatally shot. Perry contends that this was an improper attempt to portray McDaniel's shooting as "execution style," tantamount to the introduction of new evidence during closing argument. But Perry did not object to the demonstration on this basis at trial.[3] *Burgeson v. State*, 267 Ga. 102, 108 (8) (475 SE2d 580) (1996). Moreover, contrary to Perry's assertion, the demonstration merely illustrated what was before the jury through the forensic and photographic evidence and witness testimony; it was, in fact, consistent with Perry's own description of McDaniel in his recorded statement to police. Compare *Williams v. State*, 254 Ga. 508, 511 (3) (330 SE2d 353) (1985), in which the prosecutor's actions in closing argument introduced new evidence. Here, the illustration was authorized by the evidence and was within the latitude permitted the prosecutor in closing argument. *Burgeson v. State*, supra at 108 (8).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*John R. Mobley II, Alfred F. Zachry*, for appellant.
*J. Gray Conger, District Attorney, George E. Lipscomb II, Assis-*

---

[2] The armed robbery count in the indictment alleged that Perry committed armed robbery in that he "did unlawfully, with intent to commit theft, take keys, from the immediate presence of Latisha McDaniel, by use of an offensive weapon, to wit: a handgun."

[3] At trial, defense counsel objected that "[i]t's something they could have had some expertise or have some witness to demonstrate on" and that "this is inappropriate in closing argument."

*tant District Attorney, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.