S02P1191. BRALEY v. THE STATE.

(572 SE2d 583)

CARLEY, Justice.

A jury found Leeland Mark Braley guilty of malice murder, an alternative count of felony murder, kidnapping with bodily injury, armed robbery, and aggravated battery. The jury recommended a death sentence after finding beyond a reasonable doubt that the murder was committed while Braley was engaged in the commission of a kidnapping with bodily injury and of an armed robbery, was committed for the purpose of receiving money or any other thing of monetary value, and was outrageously or wantonly vile, horrible, or inhuman in that it involved depravity of mind and aggravated battery to the victim. See OCGA § 17-10-30 (b) (2), (4), and (7). Braley's motion for new trial was denied and he appeals. For the reasons set forth below, we vacate the conviction and sentence for aggravated battery, and we

affirm the other convictions and sentences.[1]

## General Grounds

1. Construed in the light most favorable to the jury's verdicts, the evidence in the guilt-innocence phase showed the following: Braley, who was employed by a charitable organization, attempted to solicit a donation from Kelli Hammond at her place of business. When she stated that she did not have any money that day, Appellant retrieved a handgun and a knife from his automobile, robbed her of her bank cards, had her write the personal identification number for one of the bank cards on a piece of paper, threw her to the floor, cut her throat, stabbed her repeatedly, pursued her as she fled toward the door, held her until she weakened from blood loss, and then dragged her, still alive, into the interior of the office. Braley then made repeated attempts, some of them successful, to obtain money from automated teller machines with her bank cards. Law enforcement officers, who had received a description of Braley's automobile from witnesses and who had obtained security camera photographs of the person attempting to make withdrawals with the victim's bank cards, observed Appellant approaching an automated teller machine while attempting to conceal his face and his automobile from security cameras. When the officers approached Braley and identified themselves, he placed his hands in the air and declared, "You've got me, take me in." He then handed one of the officers the victim's bank cards and stated, "Everything you're looking for is in the car." A consent search of Appellant's automobile revealed the murder weapons, both of which had hair and blood on them that were consistent with the victim's. Braley informed the officers that the weapons had been used in the "murder of that insurance lady." He then gave a detailed confession at the headquarters of the Georgia Bureau of Investigation. A later search of his automobile pursuant to a warrant yielded the piece of paper with the victim's personal

---

[1] The crimes occurred on September 2, 1998. A Pike County grand jury indicted Braley on November 17, 1998, for malice murder, felony murder, kidnapping with bodily injury, armed robbery, and aggravated battery. The State filed written notice of its intent to seek the death penalty on November 18, 1998. The trial began on July 26, 1999, and the jury found Braley guilty on all counts on August 3, 1999 and recommended a death sentence for the murder on August 5, 1999. The trial court imposed a death sentence for the murder, and consecutive terms of life imprisonment for the kidnapping with bodily injury and for the armed robbery, and twenty years for the aggravated battery. The trial court properly treated the felony murder verdict as vacated by operation of law. *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). Braley filed a motion for new trial on August 26, 1999, which he amended on March 14, 2002, and which the trial court denied on March 15, 2002. He filed a notice of appeal on April 12, 2002. This case was docketed in this Court on April 22, 2002, and was orally argued on September 9, 2002.

identification number. We find that the evidence was sufficient to authorize a rational trier of fact to find Braley guilty on all charges. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

## Pre-Trial Issues

2. Because the trial court did not enter judgment on the guilty verdict on the felony murder count of the indictment, his contention that the trial court erred by refusing to quash that count is moot. *Laney v. State*, 271 Ga. 194, 195 (2) (515 SE2d 610) (1999).

3. Appellant complains that the trial court erroneously denied his motion to quash the kidnapping with bodily injury count of the indictment. That count, however, placed him on sufficient notice of the charges against him. *Burgeson v. State*, 267 Ga. 102, 103 (1) (475 SE2d 580) (1996). Georgia's statute defining kidnapping with bodily injury, OCGA § 16-5-40, is not unconstitutionally vague for its failure to define "bodily injury." *Waters v. State*, 248 Ga. 355, 367 (10) (283 SE2d 238) (1981). "Bodily injury" is a term that is "commonly understood." *Ferguson v. State*, 211 Ga. App. 218, 221 (3) (438 SE2d 682) (1993). This is particularly true when viewed in light of the facts in this case. See *Baker v. State*, 246 Ga. 317, 318 (2) (271 SE2d 360) (1980) (citing *United States v. Mazurie*, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1974)). OCGA § 16-5-40 is also not unconstitutional on the ground that it may serve as the basis for a death sentence when the kidnapping results in the victim's death. *Sears v. State*, 270 Ga. 834, 841 (4) (514 SE2d 426) (1999).

4. Braley also contends that the trial court erroneously refused to quash the armed robbery count of the indictment. However, that count's assertion that Braley was guilty of "ARMED ROBBERY" in that he, "with intent to commit theft," had taken specified items of property "from the immediate presence of Kelli Hammond, by use of an offensive weapon" was sufficient to allege the element of armed robbery that the property taken belonged to another. See *State v. Eubanks*, 239 Ga. 483, 485-486 (238 SE2d 38) (1977); *Campbell v. State*, 223 Ga. App. 484, 485-486 (3) (477 SE2d 905) (1996). The count was sufficient to place Braley on notice of the allegations to be met at trial. *Burgeson v. State*, supra at 103 (1). Georgia's statute defining armed robbery, OCGA § 16-8-41, is not unconstitutionally vague for its failure to further define objects "having the appearance" of an offensive weapon. *Moody v. State*, 258 Ga. 818, 819-820 (1) (375 SE2d 30) (1989).

5. Because we are vacating the aggravated battery conviction, Appellant's contention that the trial court erred by refusing to quash the aggravated battery count of the indictment is moot.

6. The Unified Appeal Procedure exists for the protection of capi-

tal defendants' rights and is not unconstitutional. *Jackson v. State*, 270 Ga. 494, 498-499 (10) (512 SE2d 241) (1999).

To the extent that the Unified Appeal Procedure suggests that defendants' objections to jury charges in death penalty trials are subject to waiver for reasons that would not result in waiver in other cases under Georgia statutory and case law, it will not be followed by this Court. See U.A.P. III (A) (3) (a), (B) (3) (a); OCGA § 5-5-24; *Head v. Ferrell*, 274 Ga. 399, 403 (IV) (554 SE2d 155) (2001) ("Claims regarding sentencing phase jury charges in a death penalty case are never barred by procedural default."); *White v. State*, 243 Ga. 250, 251 (253 SE2d 694) (1979).

7. The trial court did not err in denying Braley's motion to bar the State from seeking a death sentence on the ground of the District Attorney's policy of initially seeking the death penalty in all cases where statutory aggravating circumstances appear to be present. *Jenkins v. State*, 269 Ga. 282, 284-285 (2) (498 SE2d 502) (1998).

8. By failing to make any objection, Appellant waived his right to complain that court personnel were allowed in the courtroom during his ex parte hearings. *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992). Furthermore, Braley has failed to show how he was harmed by the presence of the court personnel, who were warned by the trial court that the proceedings were not to be discussed with anyone.

9. The trial court did not err in denying Appellant's motion for funds to hire a neuropsychologist, because Braley, who had been examined previously by a court-funded psychiatrist selected by the defense, was unable to demonstrate that the services of a neuropsychologist were "critical" to his defense. *Roseboro v. State*, 258 Ga. 39, 41 (3) (d) (365 SE2d 115) (1988).

10. Pretermitting whether the trial court erred in ordering Appellant's attorneys to produce for the State a letter written by Braley to his girlfriend and in ruling that the letter would be admissible at trial, we conclude that any possible error was harmless, because the letter was never introduced into evidence. See *Mobley v. State*, 265 Ga. 292, 294 (4) (455 SE2d 61) (1995).

*Jury Selection Issues*

11. Appellant urges that the trial court erred by excusing five prospective jurors on the basis of their inability or unwillingness to consider a death sentence. The standard to be applied by a trial court in determining whether such a prospective juror is qualified to serve is whether "the juror's views would 'prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath,' " and this Court will give due deference to

the trial court's application of that standard. *Greene v. State*, 268 Ga. 47, 48 (485 SE2d 741) (1997) (quoting *Wainwright v. Witt*, 469 U. S. 412, 424 (II) (105 SC 844, 83 LE2d 841) (1985)). We find that the trial court did not abuse its discretion in excusing prospective jurors Hanson, Wilder, and Grier. With respect to the excusal of prospective jurors Smith and Collins, Braley waived his right to raise the issue on appeal because he did not make a timely objection. *Earnest v. State*, supra at 495 (1).

12. Appellant contends that the trial court abused its discretion in questioning prospective jurors Smith, Hanson, and Wilder. We find that, contrary to Braley's argument, the trial court's questioning was "not an attempt to achieve a desired answer, but rather [was] a 'neutral attempt to determine the juror[s'] impartiality.'" *Brannan v. State*, 275 Ga. 70, 77-78 (6) (561 SE2d 414) (2002) (quoting *Walker v. State*, 262 Ga. 694, 696 (2) (424 SE2d 782) (1993)).

13. Prospective juror Remick's voir dire responses demonstrated that he would be able and willing to consider all three sentences authorized for a murder conviction and that there were circumstances in which he could impose each of those sentences. We do not find any abuse of the trial court's discretion in addressing whether prospective juror Remick's views would prevent or substantially impair the performance of his duties in accordance with his instructions and oath with respect to his ability to consider either sentences other than death in general or life with the possibility of parole in particular. *Raheem v. State*, 275 Ga. 87, 90-91 (5) (a) (560 SE2d 680) (2002) (citing *Greene*, 268 Ga. at 48)).

14. The trial court did not abuse its discretion in finding a prospective juror qualified to serve despite her statement that concerns about her business and family "[p]robably would" interfere with her concentration and impartiality. *Henderson v. State*, 272 Ga. 621, 623 (7) (532 SE2d 398) (2000).

15. The trial court did not err in refusing to excuse for cause a prospective juror who was a Special Assistant Attorney General, but who had never had contact with the prosecuting attorney, had no knowledge of Braley's case, and expressed no bias. See *Floyd v. State*, 272 Ga. 65, 67 (2) (525 SE2d 683) (2000).

16. The trial court did not err by refusing to apply the automatic disqualification rule applicable to law enforcement officers who possess arrest powers to a corrections officer who did not know whether he had arrest powers. See *Pace v. State*, 271 Ga. 829, 835 (10) (524 SE2d 490) (1999). Compare *Terrell v. State*, 271 Ga. 783, 783-784 (1) (523 SE2d 294) (1999).

17. By failing to object at trial, Appellant waived his right to complain that the trial court, sua sponte, excused a prospective juror who was a corrections officer and another juror who was a police

officer with arrest powers. *Earnest v. State*, supra at 495 (1).

18. Braley also waived, by his failure to object at trial, the issue of the propriety of limitations which the trial court placed on voir dire. *Earnest v. State*, supra at 495 (1).

19. The trial court did not abuse its discretion in controlling the scope of voir dire by overruling Appellant's objections to questioning which accurately described the function of statutory aggravating circumstances and encouraged the prospective jurors to look at Braley as they considered whether they could confirm their selection of a death sentence during a polling of the jury. *Barnes v. State*, 269 Ga. 345, 351-352 (10) (496 SE2d 674) (1998). See also U.A.P. III (B) (3) (b) (requiring the polling of juries regarding death sentences).

20. By failing to object at trial, Braley waived the claim that a panel of prospective jurors was tainted by one juror's comment about persons whose death sentences had been commuted. *Earnest v. State*, supra at 495 (1).

21. Qualifying prospective jurors on the basis of their death penalty views is not unconstitutional. *DeYoung v. State*, 268 Ga. 780, 790 (11) (493 SE2d 157) (1997).

22. The trial court did not abuse its discretion in refusing Appellant's request for sequestered voir dire of individual jurors. *Lynd v. State*, 262 Ga. 58, 59 (2) (414 SE2d 5) (1992).

23. By failing to object at trial, Braley waived his right to complain about the trial court's comment to prospective jurors that the law required that they be placed in panels for voir dire. *Earnest v. State*, supra at 495 (1).

### The Guilt-Innocence Phase

24. Appellant moved for a continuance during voir dire in order to consult with an additional court-funded mental health expert. As we decided in Division 9 above, Braley was not entitled to funds for that expert. The trial court did not abuse its discretion in denying the motion for continuance. *Johnson v. State*, 271 Ga. 375, 380 (8) (519 SE2d 221) (1999).

25. The trial court clearly did not abuse its discretion in finding that testimony recounting Braley's statement at his arrest, "you've got me, take me in," was more probative than unduly prejudicial. *Pickren v. State*, 272 Ga. 421, 425 (6) (530 SE2d 464) (2000); *Carroll v. State*, 261 Ga. 553, 554 (2) (408 SE2d 412) (1991).

26. The evidence showed that Braley threw the victim to the ground, inflicted an ultimately fatal wound to her throat, and continued attacking her with the knife until she weakened or became unconscious. Under these facts, the conviction on the aggravated battery count of the indictment, which alleged that Braley disfigured the

victim by cutting her throat, merges with the malice murder conviction. See OCGA § 16-1-7 (a) (1); *Fitzpatrick v. State*, 268 Ga. 423, 423-424 (1) (489 SE2d 840) (1997); *Malcolm v. State*, 263 Ga. 369, 374 (5) (434 SE2d 479) (1993). Accordingly, we vacate the judgment of conviction and sentence entered upon the aggravated battery verdict.

27. Because the aggravated battery conviction is vacated, Appellant's contention regarding the trial court's guilt-innocence phase charge on aggravated battery is moot.

28. The kidnapping with bodily injury conviction does not merge with the murder conviction. *Waters v. State*, supra at 368 (11).

29. Braley cannot complain on appeal about language in the trial court's charge defining the crime of kidnapping with bodily injury which he specifically requested. *Barnes v. State*, supra at 356 (19).

30. Appellant contends that the trial court erred by refusing to charge the jury on false imprisonment as a lesser included offense of kidnapping with bodily injury, because the evidence showed that the asportation of the victim occurred after her death. Assuming without deciding that there was slight evidence that the victim's death occurred before Braley dragged her into the office, there was no reversible error. In light of the overwhelming evidence that the victim was alive when dragged, we conclude that it is highly probable that the failure to give the requested charge did not contribute to the jury's verdict. *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

31. Braley urges that the trial court's charge to the jury on armed robbery permitted the jury to convict him upon a finding that he committed armed robbery with a firearm *or* a knife, when the indictment charged him with committing armed robbery with a firearm *and* a knife. Trial courts should tailor their charges to match the allegations of indictments, either by charging only the relevant portions of the applicable Code sections or by giving a limiting instruction that directs the jury to consider only whether the crimes were committed in the manner alleged in the indictment. *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995). However, where, as here, the indictment places a defendant on notice that the State will attempt to prove that he committed a crime in more than one manner, the jury is authorized to convict the defendant of that crime upon proof that it was committed in any of the several manners alleged. See *Cronan v. State*, 236 Ga. App. 374, 377-378 (3) (511 SE2d 899) (1999). Under the facts of this case, we find that the trial court's charge on armed robbery could not have misled the jury into convicting Appellant for committing that crime in any way not alleged in the indictment. See *Harwell v. State*, 270 Ga. 765, 766-768 (1) (512 SE2d 892) (1999); *Dukes v. State*, supra at 423-424.

32. Braley's contention regarding the trial court's charge on fel-

ony murder is moot due to his conviction for malice murder. *McKenzie v. State*, 274 Ga. 151, 152 (4) (549 SE2d 337) (2001).

## *The Sentencing Phase*

33. Victim impact evidence is not unconstitutional in the sentencing phase in general. *Livingston v. State*, 264 Ga. 402, 402-405 (1) (444 SE2d 748) (1994). The trial court properly followed the procedure recommended by this Court for pre-trial review of victim impact statements. *Turner v. State*, 268 Ga. 213, 214-215 (2) (a) (486 SE2d 839) (1997).

34. Appellant contends that the State improperly injected the issue of his bad character into the trial by eliciting testimony in the sentencing phase recounting his statement that he had stolen the handgun used in his crimes against the victim. This contention is without merit, as reliable evidence of bad character and of past crimes is admissible in the sentencing phase of a death penalty trial. *Gulley v. State*, 271 Ga. 337, 345 (8) (519 SE2d 655) (1999). Braley has abandoned the claim raised solely in his enumeration of error that his statement admitting he stole the handgun was involuntary, because he has completely failed to support that claim with any argument or citation of authority in his brief. Supreme Court Rule 22.

35. The trial court did not err by admitting a photograph of the victim in life. *Ledford v. State*, 264 Ga. 60, 66 (14) (439 SE2d 917) (1994).

36. Appellant contends that the prosecutor, over objection during closing argument, compared this case with others by discussing arguments of defense attorneys in the past and also expressed his personal opinion. Upon review of the record, we conclude that the closing arguments objected to were not improper. Compare *Wyatt v. State*, 267 Ga. 860, 863-864 (2) (a) (485 SE2d 470) (1997) (holding that a prosecutor should not argue his personal opinion); *Booker v. State*, 242 Ga. App. 80, 84 (3) (528 SE2d 849) (2000) (holding that comparing the case at hand to other cases improperly injects matters not in evidence).

Other complaints concerning the State's closing argument in the sentencing phase were not preserved for review by objection at trial and, thus, would not warrant reversal unless they were improper and in reasonable probability changed the jury's exercise of discretion in imposing a death sentence. *Gissendaner v. State*, 272 Ga. 704, 712 (10) (b) (532 SE2d 677) (2000). The argument regarding Braley's future dangerousness was not improper. *Pye v. State*, 269 Ga. 779, 788 (19) (505 SE2d 4) (1998). The prosecutor asked the jury to sit in silence while he timed five minutes to illustrate a portion of the time that the victim was attacked and conscious. Such a demonstration is

proper "to give the jury a better grasp of what occurred during this period of time." *State v. Jones*, 487 SE2d 714, 720 (N.C. 1997). See also *Perry v. State*, 274 Ga. 236, 239 (3) (552 SE2d 798) (2001) (the State has broad latitude to demonstrate and to illustrate that which is authorized by the evidence). The prosecutor also invited the jury to "[i]magine what it was feeling like for Kelli. . . ." This argument was not permissible, as "[i]t is well settled that it is improper to ask the jury to imagine themselves in the victim's place." *Pace v. State*, supra at 844 (32) (h). However, a new trial is not required, because we do not find that the improper argument in reasonable probability changed the jury's choice of sentence. *Pace v. State*, supra.

37. After Appellant presented testimony from several witnesses asking the jury to grant him mercy and to impose a sentence of life without parole, the prosecutor asked the witnesses how many persons they thought Braley would have to murder before he would qualify for the death penalty. Appellant objected in one instance. Although the parties in death penalty cases are not "entitled to present the opinion of a witness about what verdict the jury 'ought' to reach," we find that the question posed by the State did not seek such improper testimony but, rather, properly probed the depth of the witnesses' biases in asking for mercy on behalf of Braley. *Childs v. State*, 257 Ga. 243, 256 (19) (b) (357 SE2d 48) (1987).

38. By failing to object, Appellant waived any error in the prosecutor's comments to Braley's mother in beginning his cross-examination of her. *Earnest v. State*, supra at 495 (1). Moreover, we find that the comments are not objectionable.

39. By failing to object, Appellant also waived his right to complain on appeal that the trial court erroneously forbade his counsel to undertake a second redirect examination of a witness. *Earnest v. State*, supra at 495 (1).

40. Although it is somewhat unclear whether Appellant properly preserved the issue for appeal, we find that the trial court improperly sustained an objection by the State to the testimony of a witness about Braley's mental state. However, any error was harmless beyond a reasonable doubt in light of the witness' later testimony. See *Carruthers v. State*, 272 Ga. 306, 314-315 (9) (528 SE2d 217) (2000).

41. The trial court's comment to the jurors in providing them a written copy of the sentencing phase charges would have been understood by them to stress that the document was not evidence. Viewing the comment and the charge together, we find that the comment would not have misled the jury into disregarding the portions of the charge defining the role of mitigating evidence. *Palmer v. State*, 271 Ga. 234, 238 (6) (517 SE2d 502) (1999) (evaluating a sentencing phase charge by viewing it as a whole).

42. Without arguing any specific deficiencies in the charge actually given, Appellant contends that the trial court erroneously refused to give his requested sentencing phase charges. We find that the trial court did not err in giving the pattern charge. *Rhode v. State*, 274 Ga. 377, 384 (15) (552 SE2d 855) (2001).

43. Georgia's death penalty statutes are not unconstitutional, and this Court's proportionality review "is neither unconstitutional nor inadequate under Georgia statutory law." *Gissendaner v. State*, supra at 716 (16).

44. On motion for new trial, Braley claimed that lethal injection, which became the only method of future executions as a result of this Court's decision in *Dawson v. State*, 274 Ga. 327, 328 (554 SE2d 137) (2001), is unconstitutional. The trial court correctly rejected this claim, as Appellant did not proffer evidence sufficient to sustain it or to warrant an evidentiary hearing thereon. See *Lucas v. State*, 274 Ga. 640, 651 (22) (555 SE2d 440) (2001); *Heidler v. State*, 273 Ga. 54, 66 (25) (537 SE2d 44) (2000).

45. Braley was properly sentenced to death, and has failed to show any constitutional bar to his execution by lethal injection arising out of the fact that the method of execution in Georgia at the time of his trial was electrocution. See *Dawson v. State*, supra at 335-336 (6).

46. The death sentence in this case was not imposed under the influence of passion, prejudice, or any other arbitrary factor. OCGA § 17-10-35 (c) (1). The evidence presented at trial was sufficient to authorize the jury to find statutory aggravating circumstances beyond a reasonable doubt. OCGA § 17-10-35 (c) (2); *Jackson v. Virginia*, supra. Considering the crimes and the defendant, we find that the death sentence in this case is neither excessive nor disproportionate to the penalties imposed in similar cases. OCGA § 17-10-35 (c) (3). The similar cases appearing in the Appendix support the affirmance of the death sentence here in that each involved a deliberate killing during the commission of an armed robbery or is similar to this case in other respects.

*Judgments affirmed in part and vacated in part. All the Justices concur, except Fletcher, C. J., Benham, Hunstein and Thompson, JJ., who concur in judgment only as to Division 36.*

## APPENDIX.

*Arevalo v. State*, 275 Ga. 392 (567 SE2d 303) (2002); *Raheem v. State*, 275 Ga. 87 (560 SE2d 680) (2002); *McPherson v. State*, 274 Ga. 444 (553 SE2d 569) (2001); *Esposito v. State*, 273 Ga. 183 (538 SE2d 55) (2000); *Butts v. State*, 273 Ga. 760 (546 SE2d 472) (2001); *Wilson v. State*, 271 Ga. 811 (525 SE2d 339) (1999); *Lee v. State*, 270 Ga. 798

(514 SE2d 1) (1999); *Whatley v. State,* 270 Ga. 296 (509 SE2d 45) (1998); *Perkins v. State,* 269 Ga. 791 (505 SE2d 16) (1998); *Jenkins v. State,* 269 Ga. 282 (498 SE2d 502) (1998); *DeYoung v. State,* 268 Ga. 780 (493 SE2d 157) (1997); *Bishop v. State,* 268 Ga. 286 (486 SE2d 887) (1997); *Jones v. State,* 267 Ga. 592 (481 SE2d 821) (1997); *Carr v. State,* 267 Ga. 547 (480 SE2d 583) (1997); *Greene v. State,* 266 Ga. 439 (469 SE2d 129) (1996); *Crowe v. State,* 265 Ga. 582 (458 SE2d 799) (1995); *Mobley v. State,* 265 Ga. 292 (455 SE2d 61) (1995); *Ledford v. State,* 264 Ga. 60 (439 SE2d 917) (1994); *Ferrell v. State,* 261 Ga. 115 (401 SE2d 741) (1991).

DECIDED NOVEMBER 12, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Lindsey & Jacobs, Tamara Jacobs, William A. Adams, Jr.,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Romin V. Alavi, Assistant Attorney General,* for appellee.