## S06A0169. MORRIS v. THE STATE.
### (626 SE2d 123)

CARLEY, Justice.

Herman Morris and two co-defendants were tried before a jury on an indictment charging them with murder of Roderick Davis and related crimes. The jury found all three guilty of malice murder, kidnapping, aggravated assault, and possession of a firearm during the commission of a crime. The trial court sentenced them to life imprisonment for the homicide and to consecutive varying terms of years for the remaining offenses. Morris' co-defendants appealed, and their convictions and sentences were affirmed. *McKenzie v. State*, 274 Ga. 151 (549 SE2d 337) (2001). After the denial of his motion for new trial, Morris appeals from the judgments of convictions and sentences entered on the jury's verdicts finding him guilty.[1]

1. The State's evidence showed that the crimes arose out of a dispute over a drug deal in which Davis sold contraband that Morris believed was of inferior quality. Morris, along with the two accomplices, kidnapped Davis. They drove to a remote area, where the victim was shot several times. Construed most strongly in support of the guilty verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof of Morris' guilt of murder and the related crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McKenzie v. State*, supra at 152 (1).

2. The jury charge included an instruction which tracked the language of the aggravated assault statute in its entirety. Morris urges that giving this instruction was erroneous, because the indictment did not allege the commission of aggravated assault in all of the ways enumerated in OCGA § 16-5-21. When his co-defendants made the same assertion,

> [w]e remind[ed] trial courts, as we have before, that the better practice is to conform a charge to the evidence in order to avoid confusing the jury. A review of the record in this case, however, shows that there was no possibility that the jury was misled by reading the entire statute. [Cit.]

*McKenzie v. State*, supra at 152 (2).

---

[1] The crimes occurred on June 21, 1998. The grand jury returned the indictment on April 20, 1999. The jury returned the guilty verdicts on May 13, 1999. The trial court entered the judgments of conviction and imposed the sentences on May 21, 1999. Morris filed a motion for new trial on June 14, 1999, which the trial court denied on October 15, 2004. A notice of appeal was filed on October 21, 2004, and the case was docketed in this Court on September 27, 2005. The appeal was submitted for decision on November 21, 2005.

This is true because, unlike *Harwell v. State,* 270 Ga. 765, 766 (1) (512 SE2d 892) (1999) and similar cases, the prosecution did not introduce evidence that Morris or the co-defendants committed the crime of aggravated assault in any manner other than as was alleged in the indictment. Thus, there is no possibility that their due process rights were violated by subjecting them to the possibility of conviction for an unindicted crime. Therefore, this enumeration lacks merit.

3. Morris contends that his trial counsel was ineffective. To prevail on this claim, he must show that the attorney's performance was deficient and that, but for the deficient performance, there is a reasonable probability the trial would have ended differently. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). After conducting a hearing, at which the lawyer explained the strategy which underlay his decisions, the trial court found that Morris failed to make the requisite showings. On appeal, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cits.]" *Suggs v. State,* 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

(a) Morris urges that defense counsel failed to raise a hearsay objection to certain portions of an investigating officer's testimony. However, it appears that most, if not all, of the information contained in the officer's testimony was otherwise presented to the jury by witnesses having personal knowledge of the events in question.

> The erroneous admission of hearsay is harmless where, as here, legally admissible evidence of the same fact is introduced. [Cit.] In such a case, the hearsay is cumulative and without material effect on the verdict. [Cit.] Because it is highly probable that the cumulative and immaterial hearsay did not contribute to the guilty verdict[s] against [Morris], a reversal of his conviction[s would] not [be] necessary. [Cit.]

*Felder v. State,* 270 Ga. 641, 646 (8) (514 SE2d 416) (1999). Thus, with or without an objection, admission of the officer's testimony would not be a ground for a new trial.

Since the officer's cumulative and immaterial testimony was not a contributing factor in the return of the guilty verdicts, there is no reasonable probability that Morris might have been acquitted but for the attorney's failure to object to its admission. The verdicts were based on the other witnesses' probative testimony, and not on any hearsay repeated by the policeman.

(b) According to the indictment, Morris possessed a firearm during the commission of a crime, "to-wit: murder, kidnapping or

aggravated assault." He contends that his lawyer was ineffective for failing to object to the form of this count or to move to quash it, because the predicate offenses were alleged in the alternative.

In the first instance, there is considerable doubt whether the count is objectionable. "This court has long held that where one offense could be committed in several ways, it is permissible to incorporate the different ways in one count. [Cits.]" *Leutner v. State*, 235 Ga. 77, 79 (2) (218 SE2d 820) (1975). Thus, indictment for a crime may take the form "of a *single count* which contains alternative allegations as to the various ways in which the crime may have been committed. [Cit.]" (Emphasis in original.) *Lumpkins v. State*, 264 Ga. 255, 256 (3) (443 SE2d 619) (1994).

However, even assuming that the count was subject to demurrer, the failure to pursue the matter obviously had no adverse effect on Morris' defense, since it clearly informed him of the predicate offenses and the evidence showed that he was guilty of all three of them. Accordingly, this assertion of ineffectiveness on the part of his lawyer has no merit. See *Mason v. State*, 279 Ga. 636, 640 (5) (a) (619 SE2d 621) (2005).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 30, 2006.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Ryan R. Leonard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.