[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14113
Non-Argument Calendar
_____

D. C. Docket No. 05-00014-CV-CDL-4

TOMMY SCOTT,

Petitioner-Appellant,

versus

STEVEN UPTON, Warden,
KEVIN ROBERTS, Warden,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 30, 2006)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Georgia state prisoner Tommy Scott appeals the district court's denial of his 28 U.S.C. § 2254 petition. After review, we vacate the district court's order, and remand to the district court for a determination in the first instance of whether Scott's claim satisfies the test for ineffective assistance of counsel.

## I. BACKGROUND

Scott is currently serving a life-plus-25-year sentence after being convicted by a jury of malice murder, kidnaping, aggravated assault, and possession of a firearm in the commission of a felony. Scott was tried with two codefendants, Jamie McKenzie and Herman Morris. At the joint trial, Johnersan Adams testifed that two weeks after the murder, he had a conversation with Morris. During that conversation, Morris admitted that he and four other individuals murdered the victim because he "sold them bad drugs." According to Adams, Morris further stated there were two "triggermen" who actually shot the victim, but Morris claimed that he was not one of them.

After Scott was convicted, he filed a motion for a new trial, arguing, in part, that his trial counsel was ineffective for failing to object to Adams' testimony. At the hearing on Scott's motion for a new trial, Scott's trial counsel testified that he did not object to Adams' testimony because "during the course of trial, some things slip past you. And if I did not object then that was one of those things that

did." The trial court denied Scott's motion for a new trial, finding that Morris's statement to Adams related only to his involvement in the crime, which was not hearsay, and did not violate Scott's Sixth Amendment rights. On direct appeal, the Georgia Supreme Court found that Morris's incriminating statements did not implicate Scott, and, therefore, Scott's trial counsel was not ineffective for failing to object to the testimony. *See McKenzie v. State*, 549 S.E.2d 337, 338 (Ga. 2001).

Scott filed a habeas petition in state court, and an evidentiary hearing was held. At the hearing, Scott's trial counsel testified that he recognized that Adams' testimony contained hearsay, but he did not object because Adams' testimony did not implicate Scott. The state court denied Scott's habeas petition, finding he failed to show his counsel's performance was constitutionally ineffective under *Strickland v. Washington*, 104 S. Ct. 2052 (1984). Scott then filed an application for certificate of probable cause to appeal the denial of his habeas petition, which the Georgia Supreme Court denied.

Scott then filed a 28 U.S.C. § 2254 petition in federal district court. The magistrate judge recommended denying the petition because Scott did not meet his burden of rebutting the presumption of correctness of the Georgia Supreme Court's determination of the factual issues raised in his ineffective assistance of counsel claim. Scott objected to the recommendation, but the district court adopted the

magistrate judge's report and recommendation and denied Scott's habeas petition.

This Court granted a Certificate of Appealability on the issue of:

> Whether the Georgia Supreme Court's finding that a witness' testimony as to a codefendant's incriminating statements did not implicate the appellant, and, therefore, his trial counsel was not ineffective for failing to object to it or request a jury instruction limiting consideration of the testimony to the culpability of the codefendant, was an unreasonable application of clearly established federal law, or relied on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, 28 U.S.C. § 2254(d)?

## II. STANDARD OF REVIEW

We review a district court's denial of a § 2254 habeas petition *de novo*. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). Factual findings are reviewed for clear error. Mixed questions of law and fact, including claims of ineffective assistance of counsel, are reviewed *de novo*. *Id*.

## III. DISCUSSION

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [U.S.] Supreme Court, . . . or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court

4

proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to" established law if (1) the state arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) a state court confronts facts "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result." *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000). The Court added that a state court decision is an "unreasonable application" of clearly established law if the state court unreasonably applies controlling law, or unreasonably extends, or fails to extend, a legal principle to a new context. *Id.* at 1520.

Scott asserts his trial counsel was ineffective for failing to object to Adams' testimony. To establish ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and, (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). Regarding the first prong, there is a strong presumption that counsel's actions were reasonable, and the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 2065. The Georgia Supreme Court and the district court both found Scott's trial counsel's performance was not deficient. We disagree.

5

In *Bruton v. United States*, 88 S. Ct. 1620, 1621-22 (1968), the Supreme Court held that, in a joint trial, the admission of a codefendant's confession, which implicated the petitioner, violated the petitioner's rights under the Confrontation Clause of the Sixth Amendment. Because the codefendant did not take the stand, the Court held, "the introduction of [the] confession added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination." *Id.* at 1623. Thus, the petitioner's Sixth Amendment rights were violated despite the fact that the court issued a limiting instruction directing the jury only to consider the confession as evidence of the codefendant's guilt. *Id.* at 1628 (holding "in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination.").

In *Richardson v. Marsh*, 107 S. Ct. 1702, 1709 (1987), the Court limited the scope of *Bruton* and held "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." The Court distinguished *Bruton* by noting that, in *Bruton*, "the codefendant's confession expressly implicated the defendant as his accomplice," whereas in *Richardson*,

"the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial." *Richardson*, 107 S. Ct. at 1707 (citation and internal quotations omitted). The Court further noted the issue was not whether the confession implicated Richardson, but rather whether the trial court could have properly assumed that the jury did not use it against Richardson. *Id.* at 1707 n.3.

On the other hand, in *Gray v. Maryland*, 118 S. Ct. 1151, 1153, 1155, (1998), the Supreme Court extended *Bruton*'s protective rule and held the Sixth Amendment also bars the admission of a codefendant's confession that has been redacted by "replac[ing] a defendant's name with an obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol." In *Gray*, Gray's codefendant gave a confession to the police, in which he stated that he, Gray, and another codefendant participated in the beating death of the victim. *Id.* at 1153. At trial, the state introduced the codefendant's confession with Gray's and the other codefendant's names redacted. *Id.* When the detective read the confession, he said the word "deleted" or "deletion" whenever Gray's or the other codefendants' names appeared. *Id.* After reading the confession, the prosecutor asked the detective whether he was subsequently able to arrest Gray, and the detective said, "That's correct." *Id.* The state also produced other witnesses who said that six

persons participated in the beating. *Id.* The Court reasoned, the "obvious deletion" calls the jury's attention to the omitted name and encourages the jurors "to speculate about the reference," and, ultimately, to link it to the defendant. *Id.* at 1155-56. The Court further stated,

> Consider a simplified but typical example, a confession that reads "I, Bob Smith, along with Sam Jones, robbed the bank." To replace the words "Sam Jones" with an obvious blank will not likely fool anyone. A juror somewhat familiar with criminal law would know immediately that the blank, in the phrase "I, Bob Smith, along with , robbed the bank," refers to defendant Jones. A juror who does not know the law and who therefore wonders to whom the blank might refer need only lift his eyes to Jones, sitting at counsel table, to find what will seem the obvious answer . . .

*Id.* at 1155. The Court acknowledged the jury had to use an inference to connect the statement in the redacted confession with Gray, but the focus must be on the kind of inference, not the simple fact of inference. *Id.* at 1156-57. The Court explained "[t]he inferences at issue here involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." *Id.* at 1157.

In *Bruton*, *Richardson*, and *Gray*, the Court emphasized the jurors were instructed to consider the confession only as evidence of the culpability of the

8

confessing codefendant. *See, e.g.*, *Richardson*, 107 S. Ct. at 1707 (noting "[o]rdinarily, a witness whose testimony is introduced at a joint trial is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a codefendant."). Generally, where such a limiting instruction is provided, courts are free to assume the jury obeyed that instruction. *See id.* at 1709 (noting "[t]he rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process."). In *Bruton*, however, the Court recognized "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton*, 88 S. Ct. at 1627.

In this case, unlike in *Bruton*, *Richardson*, and *Gray*, the trial court did not issue a limiting instruction, and, therefore, the jury was free to consider the witness' testimony regarding Morris's admissions as evidence of Scott's guilt. The instant case is comparable to *Gray* because even though Morris did not specifically identify Scott in his statements to the witness, the clear implication was that he was

9

referring to Scott when he said that there were two triggermen. The implication was the three named defendants who were tried together were responsible for the victim's death. Given the prejudicial nature of the testimony and the fact Scott's trial counsel admitted at one point the decision not to object was not a strategic one, the state court's conclusion that Scott's counsel was not ineffective for failing to object to it was an unreasonable application of *Strickland*. Therefore, the state court and district court denied relief based on an unreasonable application of the first prong of the *Strickland* test and never reached the second prong. Accordingly, we vacate the district court's order and remand for a determination in the first instance of whether Scott's claim satisfies the second prong of the *Strickland* test.

VACATED AND REMANDED.