## S96A1068. ROWER v. THE STATE.
(472 SE2d 297)

CARLEY, Justice.

After a jury trial, Curtis Alfonzo Rower was found guilty of kidnapping with bodily injury, armed robbery, and two counts of kidnapping. However, the jury was unable to agree on a verdict as to that count of the indictment which alternatively charged Rower with the malice or felony murder of Mrs. Sara Tokars. Upon Rower's motion, the trial court declared a mistrial as to that count. Subsequently, the State announced that it intended to seek a retrial of Rower on the murder count. Contending that the felony murder charge was predicated upon his commission of the kidnapping with bodily injury and the armed robbery, Rower filed a plea of former jeopardy. The trial court denied Rower's plea and he filed this direct appeal. See *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982).

The Supreme Court of the United States consistently has affirmed "the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which [the defendant] was subjected." *Richardson v. United States,* 468 U. S. 317, 326 (104 SC 3081, 82 LE2d 242) (1984) (first trial ended in acquittal on one count and mistrial on two other counts). Likewise, this Court consistently has held that, under the double jeopardy provision in Georgia's constitution, "if a jury cannot agree upon a verdict in a criminal case, the trial judge may declare a mistrial, and the accused may then be tried a second time for the same offense." *Cameron v. Caldwell,* 232 Ga. 611, 612 (208 SE2d 441) (1974). Accordingly, where, as here, the State seeks to prosecute a defendant for two offenses in a single prosecution, "one of which is

included in the other, and the defendant receives a mistrial on the greater offense, the remaining conviction of the lesser offense does not bar retrial of the greater offense." *Bell v. State*, 249 Ga. 644, 647 (3) (292 SE2d 402) (1982). See also *State v. LeMay*, 186 Ga. App. 146 (1) (367 SE2d 61) (1988).

> The case law from around the country is completely in line with this principle that a retrial on a greater, inclusive offense, following a declaration of mistrial because of a hung jury, is not barred by double jeopardy principles notwithstanding the fact that a guilty verdict was accepted and a sentence imposed with respect to a lesser, included offense.

*Mauk v. State*, 605 A2d 157, 170-171 (Md. App. 1992). See, e.g., *State v. Crago*, 639 NE2d 801 (Ohio App. 1994); *People v. Gonzalez*, 496 NW2d 312 (Mich. App. 1992). Compare *People v. Fields*, 52 Cal. Rptr. 2d 282 (Cal. 1996) (decided wholly on state statutory, rather than federal constitutional, grounds). Under these circumstances, neither the bar against multiple convictions nor the bar against successive prosecutions is implicated. *Keener v. State*, 238 Ga. 7 (230 SE2d 846) (1976); *Mauk v. State*, supra.

Rower nevertheless urges that, because the State will rely upon the same evidence that was used to convict him of lesser included offenses in its effort to convict him of the felony murder, his double jeopardy motion is meritorious under *Blockburger v. United States*, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932). See *Bell v. State*, supra at 646 (2). However, Rower's reliance upon *Blockburger* is misplaced. While *Blockburger* may be applicable to multiple conviction and successive prosecution issues, it is not applicable to the continuing jeopardy issue which is raised in this case. *Mauk v. State*, supra at 160. A multiple conviction issue may ultimately present itself if Rower eventually is convicted of the felony murder of Mrs. Tokars, but resolution of any such issue must await the jury's verdict on retrial. *Mauk v. State*, supra at 163. See also *Bell v. State*, supra at 647 (3). Moreover, *Blockburger* is not authority for the grant of Rower's motion for an additional reason. OCGA §§ 16-1-6; 16-1-7 and 16-1-8 afford *more* protection to the accused than the rule applied in *Blockburger* and those statutes clearly do *not* prevent retrial of Rower for felony murder. *Keener v. State*, supra at 9; *State v. LeMay*, supra at 147-148 (2, 3). Although Rower contends that OCGA § 16-1-8 (a) provides less protection than the federal and state constitutions and is, therefore, unconstitutional, he failed to obtain a ruling from the trial court on this constitutional issue and, as we have already held, the retrial of Rower for felony murder will not violate constitutional double jeopardy protections.

Accordingly, the trial court did not err in denying Rower's plea of former jeopardy.

*Judgment affirmed. Benham, C. J., Fletcher, P. J., Hunstein, Carley, Thompson, Hines, JJ., and Judge Jon B. Wood concur. Sears, J., disqualified.*

DECIDED JULY 15, 1996.

*Edwin Marger, Elizabeth A Schoeff, David M. Simpson, Michael J. Puglise,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Jack E. Mallard, Russell J. Parker, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.