## A99A0710. TAYLOR v. THE STATE.
### (520 SE2d 267)

RUFFIN, Judge.

Randall Wade Taylor appeals the trial court's denial of his motion in autrefois convict and his motion to correct his sentence. For reasons that follow, we affirm in part and reverse in part.

The relevant facts follow. On December 11, 1994, Taylor, who was driving a pickup truck, struck another car and killed the driver. A test administered after the accident showed that Taylor's blood alcohol level was .35 grams. In addition, Taylor tested positive for both cocaine and marijuana. Taylor was charged with six counts of vehicular homicide, five counts of driving under the influence and one count of reckless driving. Following a trial, the trial court directed a verdict with regard to four counts of vehicular homicide and two counts of driving under the influence. The jury convicted Taylor of reckless driving and three counts of driving under the influence, for which the trial court sentenced him to four consecutive twelve-month sentences. The jury was unable to reach a verdict on the two counts of vehicular homicide, and the trial court declared a mistrial.

1. Taylor argues that subsequent prosecution on the vehicular homicide charges is barred by the double jeopardy clauses of both the state and federal constitutions. Taylor correctly notes that, in order to prove him guilty of vehicular homicide, the State would have to prove the elements of the underlying traffic violations of which he was convicted. See OCGA § 40-6-393 (a). According to Taylor, any trial for vehicular homicide would necessarily include re-litigating the DUI and reckless driving charges, thus violating constitutional double jeopardy protections. Taylor's argument lacks merit.

The Supreme Court squarely addressed this issue in *Rower v. State*, 267 Ga. 46 (472 SE2d 297) (1996). In *Rower*, the defendant was charged with two counts of kidnapping, kidnapping with bodily injury, armed robbery, and malice or felony murder. The defendant

was convicted on all counts except murder, and the trial court declared a mistrial with respect to that count. The defendant argued that the State could not retry him for felony murder because the State would have to "rely upon the same evidence that was used to convict him of lesser included offenses in its effort to convict him of the felony murder." Id. at 47. In rejecting this argument, the Supreme Court held that

> where, as here, the State seeks to prosecute a defendant for two offenses in a single prosecution, one of which is included in the other, and the defendant receives a mistrial on the greater offense, the remaining conviction of the lesser offense does not bar retrial of the greater offense. The case law from around the country is completely in line with this principle that a retrial on a greater, inclusive offense, following a declaration of mistrial because of a hung jury, is not barred by double jeopardy principles notwithstanding the fact that a guilty verdict was accepted and a sentence imposed with respect to a lesser, included offense.

(Citations and punctuation omitted.) Id. at 46-47. There is no meaningful distinction between this case and *Rower*. Accordingly, the trial court did not err in denying Taylor's motion in autrefois convict.

2. In his second enumeration of error, Taylor maintains that the trial court erred in sentencing him to three consecutive twelve-month sentences for his three driving under the influence convictions. Taylor contends that the offenses merged under the substantive double jeopardy rule. We agree.

"The substantive aspect of double jeopardy precludes multiple convictions or punishments for crimes arising from the same criminal conduct." *Teal v. State*, 203 Ga. App. 440, 441 (1) (417 SE2d 666) (1992). "In making a judicial determination of whether multiple punishment is permissible, the question is: What did the legislature intend?" (Punctuation omitted.) *Tabb v. State*, 250 Ga. 317, 318 (1) (297 SE2d 227) (1982). In determining legislative intent, we look first to the statute. Id. "[W]here the language used by the legislature is plain and unambiguous, judicial construction is unnecessary." Id.

OCGA § 40-6-391 (a) provides, inter alia, that "[a] person shall not drive or be in actual physical control of any moving vehicle while" (1) under the influence of alcohol, (2) under the influence of drugs, or (3) under the combined influence of alcohol and drugs. The *fact* that the legislature has criminalized driving under the combined influence of drugs and alcohol indicates a legislative intent to treat a single act of driving under the influence of multiple substances as a single offense. In fact, this Court has recognized that "it is also well-

settled that OCGA § 40-6-391 (a) establishes a single crime of driving while in a prohibited condition" and that the subsections "merely define different modes of committing that one crime." *Morgan v. State*, 212 Ga. App. 394, 395 (1) (442 SE2d 257) (1994).

As Taylor committed only one offense of driving under the influence, the trial court erred in subjecting him to multiple punishment. *Hogan v. State*, 178 Ga. App. 534 (343 SE2d 770) (1986). Accordingly, we reverse the sentence and remand only for re-sentencing.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 29, 1999.

*Spruell, Taylor & Associates, Billy L. Spruell, Paul McGee*, for appellant.

*J. Tom Morgan, District Attorney, Anne Long, Assistant District Attorney*, for appellee.

