### S01A0778. AZIZI v. THE STATE.
(553 SE2d 273)

SEARS, Presiding Justice.

Appellant Mohammad Omar Azizi appeals the denial of his motion for discharge and acquittal due to the trial court's alleged failure to comply with his demand for speedy trial. Because the record shows that appellant waived his speedy trial demand by failing to comply with the requirements of OCGA § 17-7-171, we affirm.

Appellant was charged with murder, felony murder and aggravated assault in connection with the beating death of his wife. On February 23, 1996, appellant filed a demand for speedy trial pursuant to OCGA § 17-7-171. Consistent with his speedy trial demand, appellant was tried on June 21, 1996, convicted, and sentenced to life imprisonment. On February 22, 1999, appellant's conviction was reversed by this Court.[1] Thereafter, on March 25, 1999, this Court issued the remittitur to the Clerk of the Fulton County Superior Court, and the remittitur was filed with the superior court on April 12, 1999.

After a scheduling conference held with counsel on March 5, 1999, the superior court placed appellant's case on the August 1999 trial calendar. On August 10, 1999, no trial having been held, appellant filed a motion for discharge and acquittal. The motion was subsequently denied by the superior court, with the court reasoning that appellant had waived his demand for a speedy trial when he failed to adhere to all the requirements of OCGA § 17-7-171.

OCGA § 17-7-171 (b) requires that a defendant accused of a capital crime be "absolutely discharged and acquitted" if he is not tried within the first two regular terms of court convened after the term in which a speedy trial demand is filed, so long as during each of those two terms (1) juries are empaneled and qualified to try the defendant, and (2) the defendant appears in court and announces that he is

---

[1] *Azizi v. State,* 270 Ga. 709 (512 SE2d 622) (1999).

ready for trial and requests a trial.[2]

Following the reversal of appellant's conviction by this Court in 1999, the filing of the remittitur in the office of the superior court clerk divested this Court of its jurisdiction over appellant's case, and reinvested the superior court with jurisdiction.[3] Moreover, when the remittitur was filed in the superior court clerk's office, appellant's pre-appeal demand for speedy trial once again became viable and the speedy trial "clock" resumed "ticking."[4]

Because the remittitur in this case was filed with the clerk of the superior court on April 12, 1999, during the March 1999 term of court, the State had the remainder of the March 1999 term of court and the May 1999 term of court to retry appellant, so long as there were jurors empaneled and qualified to try him and so long as appellant or his counsel appeared in court during both terms, announced themselves as ready for trial, and requested that a trial be held. The State was not, however, required to try appellant within this period if appellant failed to comply with this latter requirement, or if appellant agreed to a trial date outside of the speedy trial period.

Appellant states that he appeared in open court announcing himself as ready for and requesting a trial during the March 1999 term of court when his counsel attended the informal scheduling conference held in the trial judge's chambers on March 5, 1999. However, that meeting was held over a month before the remittitur was filed in the Clerk's Office, thereby returning jurisdiction to the trial court, and thus the speedy trial period had not yet recommenced at that time.[5] Furthermore, while appellant stipulates that he told the judge he "preferred and specifically requested" that his case be placed on the May 1999 trial calendar, at no point during the March 5 meeting did he assert his pre-appeal speedy trial rights, or even mention his speedy trial demand. Moreover, after the judge informed the parties that she would place the matter on her August 1999 trial calendar, appellant told the judge that "he would be ready to try the case at any time it was scheduled for trial," thereby tacitly conceding to the August trial date scheduled by the trial court. Finally, this meeting was informal and held in the trial judge's chambers, whereas the assertion of a speedy trial demand under OCGA § 17-7-171 must be made in open court.[6]

Appellant claims that he announced himself as ready for trial

[2] *Smith v. State*, 261 Ga. 298, 299 (404 SE2d 115) (1991).

[3] *Henry v. James*, 264 Ga. 527, 529 (449 SE2d 79) (1994); *Chambers v. State*, 262 Ga. 200, 201 (415 SE2d 643) (1992).

[4] *Henry v. James*, 264 Ga. at 530-531; *Hakala v. State*, 225 Ga. 629 (170 SE2d 406) (1969).

[5] See *Henry v. James*, 264 Ga. at 530.

[6] *Levester v. State*, 270 Ga. 485, 487 (512 SE2d 258) (1999).

during the May 1999 term of court at a bond hearing held on June 25, within the last three days of the May term of court. The transcript of that hearing shows that appellant did not announce himself as ready for trial, but rather his counsel asked the trial court, "Is there any way [appellant] can get an earlier trial date than August?" The trial court responded that it could begin appellant's trial in early July, within two weeks of the bond hearing. Appellant's counsel replied that he could not be ready for trial at that time.

OCGA § 17-7-171 sets forth strict requirements for the assertion of speedy trial rights and stringent adherence to those requirements is mandated.[7] A defendant who wishes to prevent the waiver of his speedy trial rights is required, "either through his own actions or those of his attorney, to actually be present in court, announcing his readiness to proceed, and requesting trial."[8] As explained above, appellant's actions following the filing of the remittitur and the reviving of his speedy trial demand fell far short of demonstrating an announced readiness for and a request for trial made in open court during the March and May 1999 terms of court.[9] To the contrary, the record demonstrates only: (1) that, before the speedy trial period recommenced and outside of court, appellant stated his "preference" for a May 1999 trial, and (2) that, after the speedy trial period recommenced and in open court, appellant made an inquiry about the feasibility of scheduling a trial before August.

Hence, the record reveals that appellant did not appear in open court and announce his readiness for trial during the March 1999 court term, as required. As concerns appellant's inquiry about the feasibility of scheduling a trial before August, made during the May 1999 term of court, that inquiry fails to satisfy the strict requirements of OCGA § 17-7-171 (b) outlined above. Therefore, we conclude that the trial court properly denied appellant's motion for discharge and acquittal due to the waiver of his speedy trial rights.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*C. Alan Mullinax*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.

---

[7] *Levester*, 270 Ga. at 487.
[8] Id.; *Burns v. State*, 265 Ga. 763 (462 SE2d 622) (1995).
[9] See *Levester*, 270 Ga. at 487.