S13A0124. SMITH v. THE STATE.
(738 SE2d 621)

THOMPSON, Presiding Justice.

Via indictment, appellant Tracy Lashawn Smith was charged with felony murder (predicated on the underlying felony of either aggravated assault or aggravated battery), aggravated assault and aggravated battery.[1] The jury found appellant guilty of aggravated assault and aggravated battery,[2] but was unable to reach a verdict on the felony murder charge. The trial court granted a mistrial as to the felony murder charge. The State announced its intent to retry appellant on the felony murder count, and appellant filed a plea in bar on double jeopardy grounds. The trial court denied appellant's plea in bar, and this appeal followed.

1. Appellant argues the State cannot retry him for felony murder without violating the Double Jeopardy Clause because it prosecuted him on the underlying counts of aggravated assault and aggravated battery, the jury found him guilty on those counts, and the State would have to prosecute him on the underlying counts again in order to obtain a felony murder conviction.

This case is controlled adversely to appellant by *Rower v. State,* 267 Ga. 46 (472 SE2d 297) (1996). In *Rower,* defendant was charged,

---

[1] The evidence demonstrated that appellant beat the victim to death, claiming the victim owed him money for a drug purchase.

[2] Appellant has yet to be sentenced for those crimes.

inter alia, with malice murder or in the alternative felony murder, kidnapping with bodily injury and armed robbery. The jury found defendant guilty of the armed robbery and kidnapping charges but was unable to agree on a murder or felony murder verdict, and the trial court declared a mistrial. When the State announced its intent to seek a retrial on the murder charge, defendant filed a plea of former jeopardy, pointing out that the felony murder charge was predicated upon the kidnapping with bodily injury and armed robbery counts and that the jury found defendant guilty on those counts. We rejected defendant's argument, holding: "[W]here, as here, the State seeks to prosecute a defendant for two offenses in a single prosecution, 'one of which is included in the other, and the defendant receives a mistrial on the greater offense, the remaining conviction of the lesser offense does not bar retrial of the greater offense.'" Id. at 46-47. See also *Taylor v. State*, 238 Ga. App. 753 (520 SE2d 267) (1999). In so doing, we observed:

> The case law from around the country is completely in line with this principle that a retrial on a greater, inclusive offense, following a declaration of mistrial because of a hung jury, is not barred by double jeopardy principles notwithstanding the fact that a guilty verdict was accepted and a sentence imposed with respect to a lesser, included offense.

*Rower*, supra at 47 (quoting *Mauk v. State*, 605 A2d 157, 170-171 (Md. App. 1992)).

Contrary to appellant's contention, our decision is not in conflict with *United States v. Dixon*, 509 U. S. 688 (113 SC 2849, 125 LE2d 556) (1993), *Grady v. Corbin*, 495 U. S. 508 (110 SC 2084, 109 LE2d 548) (1990), *Brown v. Ohio*, 432 U. S. 161 (97 SC 2221, 53 LE2d 187) (1977), or *Price v. Georgia*, 398 U. S. 323 (90 SC 1757, 26 LE2d 300) (1970). Those cases do not speak to the situation presented here, i.e., a prosecution following the declaration of a mistrial resulting from a hung jury.

2. In his second enumeration of error, appellant invites this Court to decide if it was error to permit the State to introduce evidence that appellant was convicted of prior offenses. We decline appellant's invitation. See generally *Harrison v. State*, 268 Ga. 574, 577 (4) (492 SE2d 218) (1997). The evidence to be introduced upon appellant's retrial may very well differ from the evidence presented below. Moreover, any evidence of prior crimes will have to be evaluated pursuant to OCGA § 24-4-404 (b) (effective January 1, 2013).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 18, 2013.

*James N. Finkelstein,* for appellant.

*Gregory W. Edwards, District Attorney, Matthew Breedon, Heather H. Lanier, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.