313 Ga. 752
FINAL COPY

S22A0271.  SMITH v. THE STATE.

McMILLIAN, Justice.

Tracy LaShawn Smith appeals his conviction for felony murder in connection with the death of Jerome Walden.[1] On appeal, Smith

---

[1] Walden was killed on June 24, 2011. On September 28, 2011, a Dougherty County grand jury indicted Smith, Calvin Sharmond Brooks, and Demarcus Dontravious Lewis in connection with Walden's death, charging them with felony murder (Count 1), aggravated assault (Count 2), and aggravated battery (Count 3). Smith was first tried separately in a jury trial from December 12 to 20, 2011. The jury found Smith guilty of aggravated assault and aggravated battery but was unable to reach a verdict on the felony murder charge in Count 1. The trial court granted a mistrial as to that count, and Smith filed a plea in bar on double jeopardy grounds to prevent his retrial for felony murder. The trial court denied the plea, and this Court affirmed that denial in *Smith v. State*, 292 Ga. 478, 479 (1) (738 SE2d 621) (2013).

Upon return of the remittitur from that appeal, Smith was tried a second time from April 22 to May 2, 2013. Although Smith was scheduled to be tried along with Lewis and Brooks, Lewis pleaded guilty to aggravated assault and aggravated battery on the first day of trial, and the trial court granted Brooks's motion for severance. Therefore, Lewis's and Brooks's cases are not a part of this appeal. Smith was again tried separately on the sole count of felony murder, and the jury found him guilty. The trial court sentenced Smith to serve life in prison on the felony murder charge, and the aggravated assault and aggravated battery convictions were merged. Smith's trial counsel filed a timely motion for new trial, which was amended by new counsel on September 13, 2019, and by appellate counsel on October 3 and 14, 2019. The motion for new trial was heard on March 6 and December 2, 2020, and the trial court denied the motion, as amended, on March 2, 2021. Smith filed a timely notice of appeal, and the case was docketed to the term of this Court beginning in December 2021 and orally argued on February 17, 2022.

asserts that the trial court erred in overruling his special demurrer to the felony murder charge. He further argues that the trial court erred in failing to grant a new trial on his claims of constitutionally ineffective assistance of trial counsel, based on counsel's failure to (1) object to the verdict form and the trial court's jury instruction on felony murder, which Smith contends allowed the jurors to render a potentially non-unanimous verdict; (2) file a general demurrer as to the felony murder count; and (3) file a plea in bar on the ground that Smith was not re-tried within the time period required by his statutory speedy trial demand. We affirm for the reasons discussed below.

The evidence presented at trial showed that on or about June 22, 2011, Smith sold Walden $30 worth of crack cocaine and a pack of cigarettes "on credit." Two days later, on the night of June 24, Demarcus Dontravious Lewis was riding with Smith and Calvin Sharmond Brooks when Smith told the others that he was going to collect the money Walden owed him. Lewis said that the three drove to Melissa Moncrief's house to find Walden, and Smith knocked on

2

the door. Walden was at Moncrief's house, and when Smith asked for his money, Walden said he did not have it. Smith left briefly but then returned and knocked again. Walden again said he did not have the money and shut the door. Lewis said that Smith went to the side of Moncrief's house and grabbed a board with nails in it on his way to Moncrief's back door.

As Smith entered Moncrief's house carrying the board, Walden ran out the front door and down an alley beside the house. Brooks and Lewis pursued Walden. When they caught up to Walden, Lewis hit him and knocked him down. According to Lewis, both he and Brooks then kicked Walden. Smith arrived on the scene, and Lewis said Smith used the board to beat Walden "from his stomach to his head." A witness who was in the vicinity at the time saw someone lying in the alley with two men standing over him — Smith and a person the witness knew as "Wocka-Flocka."[2] The witness said that Wocka-Flocka was kicking the person on the ground, and Smith was

---

[2] This witness did not know Wocka-Flocka by any other name, but upon reviewing a police photo lineup, Moncrief identified Lewis as "Wocka-Flocka."

beating the person with a board.

Moncrief testified that, while inside her house, she could hear the sounds of someone being beaten outside and told her sister to call 911. When Moncrief went outside to check on Walden, she saw Lewis jumping up and down on Walden in the alley. As Smith and the others began to leave, Moncrief asked about Walden, and Smith replied, "Oh, we just knocked that n****r out." Smith and the others then left Walden in the alley. Walden never regained consciousness and later died from what the medical examiner described as "complications of blunt force injuries of the head."

1. Smith first contends that the trial court erred by overruling his special demurrer, asserting that Count 1 of the indictment alleging felony murder was duplicitous because it was predicated on the commission of aggravated assault "and/or" aggravated battery. "We review [the trial court's] ruling on [Smith's] special demurrer de novo to determine the legal sufficiency of the allegations in the indictment." *Bullard v. State*, 307 Ga. 482, 486 (2) (837 SE2d 348) (2019).

"An [indictment] is duplicitous if it joins separate and distinct offenses in one and the same count. 'Duplicity' is the technical fault in pleading of uniting two or more offenses in the same count of an indictment." *State v. Boyer*, 270 Ga. 701, 703 (2) (512 SE2d 605) (1999) (citations and punctuation omitted). However, "[t]he longstanding rule in Georgia is that an indictment may take the form of a single count which contains alternative allegations as to the various ways in which the crime may have been committed." *Dugger v. State*, 297 Ga. 120, 123 (5) (772 SE2d 695) (2015) (citation and punctuation omitted). See also *Morris v. State*, 280 Ga. 179, 181 (3) (b) (626 SE2d 123) (2006) ("This court has long held that where one offense could be committed in several ways, it is permissible to incorporate the different ways in one count." (punctuation omitted) (quoting *Leutner v. State*, 235 Ga. 77, 79 (2) (218 SE2d 820) (1975)).

Count 1 of the indictment charged Smith with felony murder "for that the said accused . . . while in the commission of the offense of aggravated assault, a felony, and/or aggravated battery, a felony, did, acting jointly and in concert with another as parties to the crime

5

thereto, cause the death of Jerome Walden[.]" Smith filed a special

demurrer to the indictment, asserting that the felony murder count

was defective because it charged multiple offenses — felony murder

based on aggravated assault and felony murder based on aggravated

battery — in the same count and citing OCGA § 16-1-7 (a) (2).[3] The

trial court denied the special demurrer at a subsequent hearing on

the matter.

---

[3] OCGA § 16-1-7 (a) provides:
> When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if:
>> (1) One crime is included in the other; or
>> (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

We note that in *Hall v. State*, 241 Ga. App. 454, 459 (1) (525 SE2d 759) (1999), the Court of Appeals stated without analysis of the statutory language that "OCGA § 16-1-7 (a) (2) prohibits multiple prosecutions, including the defect of duplicity" and then explained the concept of duplicity by quoting from *Boyer*, 270 Ga. at 703 (2). However, *Boyer* addressed whether OCGA § 16-1-7 (a) (2) prohibited charging two different offenses based on the same transaction in two separate counts of the indictment and concluded that such pleading was not prohibited by the statute. We need not address the bases of the duplicity doctrine or whether it stems from OCGA § 16-1-7 in order to resolve this enumeration of error. See *Long v. State*, 12 Ga. 293, 314 (2) (1852) ("[T]here is no doubt of the rule that two distinct offen[s]es cannot be joined in the same count.").

6

Contrary to Smith's argument, Count 1 of the indictment charged Smith with only one offense — the unlawful killing of Walden during the commission of a felony in violation of OCGA § 16-5-1 (c).[4] Although it alleged alternate ways that the crime of felony murder was committed, i.e., during the commission of aggravated assault and/or during the commission of aggravated battery, such an allegation is proper under Georgia law. Therefore, the trial court correctly determined that Count 1 was not subject to a special demurrer on the ground of duplicity. See *Lumpkins v. State*, 264 Ga. 255, 256 (1) (443 SE2d 619) (1994) (recognizing that it is permissible to charge felony murder in one count of an indictment, "which alternatively alleged the underlying felonies"). Cf. *Leutner*, 235 Ga. at 79 (2) (indictment not subject to special demurrer where it incorporated elements of both malice murder and felony murder under former Ga. Code Ann. § 26-1101 in one count (now codified at OCGA § 16-5-1 (a) (malice murder) and 16-5-1 (c) (felony murder))).

---

[4] Under OCGA § 16-5-1 (c), "[a] person commits the offense of murder when, in the commission of a felony, he or she causes the death of another human being irrespective of malice."

7

2. Smith also asserts that the trial court erred in failing to grant a new trial based on his three claims of ineffective assistance of trial counsel.

To establish these claims of constitutionally ineffective assistance of counsel, Smith must show both that his trial counsel's performance was deficient and that he suffered prejudice as a result. See *Strickland v. Washington,* 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). "An appellant must prove both prongs of the *Strickland* test, and if he fails to prove one prong, it is not incumbent upon this Court to examine the other prong." *Winters v. State*, 305 Ga. 226, 230 (4) (824 SE2d 306) (2019) (citation and punctuation omitted).

> To establish deficient performance, an appellant must overcome the strong presumption that his counsel's conduct falls within the broad range of reasonable professional conduct and show that his counsel performed in an objectively unreasonable way in light of all the circumstances and prevailing norms.

*Hughes v. State,* 312 Ga. 149, 153-54 (2) (861 SE2d 94) (2021) (citation and punctuation omitted). To establish the prejudice prong,

Smith must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 (III) (B).

(a) Smith asserts that his trial counsel's performance was deficient because he failed to object to the trial court's jury instruction on the charge of felony murder and to the general verdict form provided to the jury, which he contends allowed the jury to return a potentially non-unanimous verdict on felony murder. See *Ramos v. Louisiana*, __ U.S. __ (140 SCt 1390, 1397, 206 LE2d 583) (2020) (holding that the jury unanimity requirement under the Sixth Amendment to the United States Constitution applies to state and federal criminal trials equally); *Richardson v. United States*, 526 U.S. 813, 824 (II) (B) (119 SCt 1707, 143 LE2d 985) (1999) (holding that the jury must agree unanimously about which specific violations made up "the continuing series of violations" required for conviction under former 21 USC § 848 (a) based on a statute-specific analysis of the unanimity requirement).

Smith contends that his trial counsel should have objected to

the following portion of the trial court's final instruction to the jury:

> If you find and believe beyond a reasonable doubt that [the] defendant committed the homicide alleged in this bill of indictment at the time [the] defendant was engaged in the commission of the felony of aggravated assault or aggravated battery, then you would be authorized to find the defendant guilty of murder, whether the homicide was intended or not.

He further asserts that his trial counsel should have objected to the jury's use of a general verdict in considering the felony murder count.[5] He argues that the instruction and the verdict form allowed the jurors to convict him of felony murder even if they were not in unanimous agreement on the underlying felony upon which his felony murder conviction was based. In other words, some jurors may have found him guilty of felony murder based on aggravated assault, while others may have found him guilty of that charge based on aggravated battery.

---

[5] At the hearing on Smith's special demurrer as to the felony murder count, the trial court noted that any confusion as to which of the two predicate offenses the jury found in potentially convicting Smith could be eliminated by using a verdict form that allowed the jurors to indicate the underlying felony upon which they relied. Nevertheless, a general verdict form was used at trial.

We considered a similar issue in *Miller v. State*, 275 Ga. 730, 738 (6) (571 SE2d 788) (2002). The defendant in *Miller* was also charged with felony murder based on aggravated assault and aggravated battery and was further charged with separate counts of aggravated battery and aggravated assault. As in this case, the trial court charged the jury that it could find the defendant guilty of felony murder based upon aggravated assault or based upon aggravated battery.[6] See id. We rejected the defendant's argument that his felony murder conviction was deficient on the ground that the court's jury charge "may have led to a less than unanimous verdict," concluding that because the jury also convicted him of both of the alleged underlying felonies, aggravated assault and aggravated battery, "there [were] two independent underlying felony convictions that sustain[ed] the felony murder conviction." Id.

Smith likewise was charged and convicted of the offenses of

---

[6] Although the *Miller* opinion does not expressly address the verdict form used by the jury, it appears from the defendant's argument that the verdict form did not clarify the underlying felony upon which the felony murder conviction was based.

aggravated assault and aggravated battery underlying the charge of felony murder,[7] but a different jury found him guilty of those offenses. *Miller* did not address such a scenario, and Smith has not cited, and we have not found, any binding legal authority addressing how the unanimous jury rule applies to the circumstances presented here — when a jury was instructed that it may find a defendant guilty of felony murder based on alternate predicate offenses, but a prior jury determined that the defendant was guilty of those predicate offenses. It is well settled that "[a] criminal defense attorney does not perform deficiently when he fails to advance a legal theory that would require an extension of existing precedents and the adoption of an unproven theory of law." *Esprit v. State*, 305 Ga. 429, 438 (2) (c) (826 SE2d 7) (2019) (citation and punctuation omitted).  Because there is no clear legal authority on how the unanimous jury rule applies when the predicate offenses of a felony murder count are charged in the alternative and different juries

---

[7] Smith has not appealed his convictions for aggravated assault and aggravated battery.

decide the main charge and the predicate offenses, "trial counsel's failure to raise a novel legal argument does not constitute ineffective assistance of counsel." *Griffin v. State*, 309 Ga. 516, 520 (2) (847 SE2d 168) (2020) (citation and punctuation omitted). See also *Rhoden v. State*, 303 Ga. 482, 486 (2) (a) (813 SE2d 375) (2018) ("[T]here is no requirement for an attorney to prognosticate future law in order to render effective representation. Counsel is not obligated to argue beyond existing precedent." (citations and punctuation omitted)).

Accordingly, Smith cannot show that his trial counsel performed deficiently in failing to raise the objections Smith now claims counsel should have, and we conclude that the trial court properly denied Smith's motion for new trial on this ground.

(b) Smith further contends that his trial counsel was ineffective in failing to file a general demurrer to the felony murder count because it failed to allege all the elements of the underlying predicate offenses for that charge.

A general demurrer challenges the legality, validity, and

substance of an indictment by asserting that the indictment is fatally defective and thus incapable of supporting that a crime was committed; it can be granted only if the defendant could admit each and every fact alleged in the indictment and still be innocent of any crime.

*State v. Owens*, 312 Ga. 212, 220 (4) (b) (862 SE2d 125) (2021). Smith contends that the felony murder count alleged only the elements of misdemeanor assault and battery, and not all the elements of aggravated assault and aggravated battery, and thus Smith could have admitted each and every fact alleged and not be guilty of felony murder. We disagree.

As an initial matter, we note that Smith was originally indicted and tried on three counts — felony murder, aggravated assault, and aggravated battery — and Smith does not contend that the counts charging aggravated assault and aggravated battery failed to charge those offenses completely. However, at the retrial, after he was convicted on the other two counts, only the felony murder count of the indictment was presented to the jury, and that count charged that Smith committed felony murder by causing Walden's death

14

"while in the commission of the offense of aggravated assault, a felony, and/or aggravated battery, a felony." See OCGA §§ 16-5-21 (b), 16-5-24 (b) (defining the crimes as felonies). Assuming without deciding that we should focus our analysis only on the felony murder count of the indictment under the unusual circumstances of this case, the allegations of the indictment are sufficient to withstand a general demurrer "because appellant cannot admit he caused the death of the victim while in the commission of aggravated assault [or the felony of aggravated battery] and not be guilty of the crime [of felony murder]." *Stinson v. State*, 279 Ga. 177, 179 (2) (611 SE2d 52) (2005) (indictment redacted to one count charging felony murder based on "aggravated assault" without alleging the elements of that predicate crime was not subject to general demurrer). See also *Lowe v. State*, 276 Ga. 538, 539 (1) (579 SE2d 728) (2003) (indictment that merely alleged that defendant caused the victim's death while engaged in the commission of aggravated battery was sufficient to

15

withstand a general demurrer).[8]

Accordingly, because a general demurrer would have been meritless in this case, the trial court properly found that counsel was not ineffective in failing to make such a filing. See *White v. State*, 307 Ga. 882, 889 (3) (c) (838 SE2d 828) (2020) ("The failure to make a meritless motion or objection does not provide a basis upon which to find ineffective assistance of counsel." (citation and punctuation omitted)).

(c) Smith next contends that his trial counsel provided ineffective assistance by failing to move for Smith's acquittal after the State failed to try him on the felony murder charge within the period authorized by the speedy trial statute for capital cases. See OCGA § 17-7-171. Cf. OCGA § 17-7-170 (speedy trial statute for non-

---

[8] To the extent that Smith is claiming that the indictment presented at the second trial was deficient because it did not contain the essential elements of the underlying crimes of aggravated assault and aggravated battery, that claim is in the nature of a special demurrer. See *Stinson*, 279 Ga. at 180 (2). And the failure to file a special demurrer generally will not support a finding of ineffective assistance of counsel because a defendant can be reindicted after the grant of a special demurrer, unless there are other reasons why a further indictment is barred. See *Bighams v. State*, 296 Ga. 267, 271 (3) (765 SE2d 917) (2014).

16

capital cases).

Subsection (a) of OCGA § 17-7-171 sets out the requirements for a defendant accused of a capital offense to file a valid statutory speedy trial demand, and subsection (b) provides:

> If more than two regular terms of court are convened and adjourned after the term at which the demand for speedy trial is filed and the defendant is not given a trial, then the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment, provided that at both terms there were juries impaneled and qualified to try the defendant and provided, further, that the defendant was present in court announcing ready for trial and requesting a trial on the indictment.

This Court has determined that "under the plain language of OCGA § 17-7-171 (b), a defendant accused of a capital offense may be discharged and acquitted only if she is not given a trial after at least three full terms of court have expired since the term in which her demand was filed." *Walker v. State*, 290 Ga. 696, 698 (2) (723 SE2d 894) (2012) (citing statutory language requiring "more than two regular terms" to expire before discharge and acquittal granted to defendant). Moreover, under the language of the statute, the State is required to try a defendant in a particular term, only if there are

17

juries impaneled and qualified to try the defendant and the defendant is "present in court announcing ready for trial" and requesting a trial under the indictment. See *Azizi v. State*, 274 Ga. 207, 209 (553 SE2d 273) (2001) ("OCGA § 17-7-171 sets forth strict requirements for the assertion of speedy trial rights and stringent adherence to those requirements is mandated."); *Henry v. James*, 264 Ga. 527, 528 (1) (a) (449 SE2d 79) (1994) (addressing statutory requirements); *Smith v. State*, 261 Ga. 298, 299 (1) (404 SE2d 115) (1991) (same).

Smith filed his demand for speedy trial on October 17, 2011, during the September 2011 term of the Superior Court of Dougherty County.[9] Smith was first tried from December 12 to 20, 2011, during the next court term, the November 2011 term. Therefore, he was given a trial during the time period prescribed by the statute. However, as previously discussed, Smith was convicted of aggravated assault (Count 2) and aggravated battery (Count 3) at

---

[9] See OCGA § 15-6-3 (15) (providing that Dougherty County terms of court begin on the second Monday in January, March, May, July, September, and November).

18

that trial, but because the jury could not reach a verdict as to the felony murder charge under Count 1 of the indictment, the trial court declared a mistrial as to that count.

"Where a defendant has filed a demand for trial, a mistrial resulting from other than 'inevitable accident, such as the death or sickness of the [j]udge or one or more of the jury . . . ' does not constitute a trial that satisfies the State's obligation under the demand for trial statutes." *State v. Varner*, 277 Ga. 433, 434 (589 SE2d 111) (2003) (quoting *Geiger v. State*, 25 Ga. 667, 668-69 (1858)). Thus, pursuant to Smith's speedy trial demand, which was filed in the September 2011 term of court, he was required to be retried by the end of the March 2012 term of court, which was the third full term of court after the filing of the speedy trial demand.

However, subsequent proceedings prevented such a retrial during the remainder of the November 2011 term and the next two terms of court. On January 3, 2012, before the November 2011 court term expired, Smith filed a plea in bar to prevent his retrial on the felony murder charge. During the pendency of that motion, the State

19

had no obligation to try Smith because he was not appearing in open court announcing ready for trial, nor was he seeking a trial under the indictment. To the contrary, he was seeking to prevent such a trial. See *Azizi*, 274 Ga. at 208 (affirming denial of motion for discharge and acquittal where defendant failed to strictly comply with requirements to appear in open court and announce ready for trial); *Smith*, 261 Ga. at 299 (1) n.3 (compliance with requirement of being present in court and announcing ready for trial is mandatory and can be accomplished either by defendant himself or his counsel). Additionally, the record is silent as to whether Smith was present in court and announced ready for trial during the holiday period between the end of his trial on December 20, 2011, and the filing of the plea in bar on January 3, 2012, and Smith has not pointed us to any evidence that juries were impaneled and qualified to try Smith's case during that time frame. See *Varner*, 277 Ga. at 435 (retrial following a mistrial only needs to occur during portions of terms in which jurors are impaneled and qualified to hear the case).

The trial court denied Smith's plea in bar on February 8, 2012,

and Smith appealed that ruling the next day. This occurred in the January 2012 term of court. The parties do not dispute that "the demand clock" was tolled during the pendency of the appeal. See *Henry*, 264 Ga. at 530-31 (1) (c) (period of time within which a defendant must be tried pursuant to speedy trial demand is tolled while the appellate court has jurisdiction of the appeal). And this Court has established that (1) the demand clock does not begin to run again until the remittitur has been filed in the trial court following the appeal and (2) the State has the remainder of the term in which it is filed and one additional regular term in which to try the defendant. See id. at 531 (1) (c).

Here, this Court affirmed the trial court's denial of the plea in bar on February 18, 2013, and the remittitur was filed in the trial court on March 8, the last day of the January 2013 term of court.[10] The March 2013 term began on Monday, March 11, and Smith was tried on the felony murder charge during that term, from April 22 to

---

[10] In fact, the record reflects that the remittitur was not filed until 3:01 p.m. that day.

21

May 2, 2013. Thus, Smith was tried during the term following the filing of the remittitur, and no speedy trial violation occurred.

Accordingly, the trial court correctly determined that trial counsel was not ineffective in failing to file a meritless motion for acquittal. See *White*, 307 Ga. at 889 (3) (c).

*Judgment affirmed. All the Justices concur.*

Decided May 17, 2022.

Murder. Dougherty Superior Court. Before Judge Lockette.

*Benjamin A. Davis, Jr.*, for appellant.

*Gregory W. Edwards, District Attorney, H. R. Moroz, Jeremy R. Hager, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Parisa F. Sarfarazi, Assistant Attorney General*, for appellee.