**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**April 28, 2023**

# In the Court of Appeals of Georgia

A23A0252. PHILLIPS v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury found Kymbalee Ann Phillips guilty of vehicular homicide and other crimes. Following the denial of her motion for new trial, Phillips appeals, arguing that the trial court erred by admitting evidence of her prior battery conviction to impeach a defense witness and that she received ineffective assistance of counsel because her trial attorney did not file a general demurrer to the indictment. Because these arguments lack merit, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that at about 2:45 p.m. on October 18, 2016, Phillips was driving a white Toyota truck on

---

[1] "On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence." *State v. Robinson*, 275 Ga. App. 117, 117 (619 SE2d 806) (2005).

Wolf Creek Road in Rabun County. She was 27 years old and had a learner's permit, and her father was in the passenger seat. Phillips stopped at a stop sign at the intersection of Georgia Highway 15, which had four lanes of travel separated by a grassy median, and signaled that she was turning left, or south, onto Highway 15. However, Phillips "cut her turn short" and drove into the highway's northbound lanes of travel, heading the wrong way toward oncoming traffic. Quickly realizing her mistake, she jerked the steering wheel to the right and crossed the median into the highway's southbound lanes of travel. There, the front of Phillips's truck clipped the driver's side of a black Nissan truck traveling southbound on Highway 15, causing the black truck to spin out of control, roll over several times, and come to rest upright in the roadway.

There were four adults in the black truck — driver Matthew Hester, front passenger Kimberly Rohletter, and rear passengers Jonathan Hester and Sarah Bradshaw — and one child, who was secured in a booster seat in the back. As a result of the crash, all four adults were fully ejected from the truck. Matthew Hester and Sarah Bradshaw died at the scene, and Kimberly Rohletter and Jonathan Hester suffered serious injuries. The child was not seriously hurt.

After the collision, Phillips's truck continued across the southbound lanes of Highway 15 and went up an embankment, where it came to rest. Phillips and her father were not injured. Police officers responding to the scene described Phillips as "very calm, very spacey," "too relaxed," and seemingly unaffected by the wreck. They administered field sobriety tests because Phillips seemed unsure what had happened and could not remember the last four digits of her cell phone number. According to the officers, Phillips's performance on these tests indicated that she was less safe to drive, and they suspected that she was under the influence of drugs. Phillips was arrested for DUI. She consented to a test of her blood, and the medical technologist who performed the blood draw described Phillips as "oblivious." The test revealed the presence of two pain medications, gabapentin and cyclobenzaprine. At trial, evidence was presented that Phillips had been prescribed these medications for years to treat fibromyalgia.

Phillips was charged with ten crimes: first-degree vehicular homicide for causing the deaths of Sarah Bradshaw and Matthew Hester by driving under the influence of a drug or drugs to the extent she was less safe to drive (Counts 1 and 2); first-degree vehicular homicide for causing the deaths of Sarah Bradshaw and Matthew Hester by driving recklessly (Counts 3 and 4); serious injury by vehicle for

3

causing bodily harm to Kimberly Rohletter and Jonathan Hester by driving under the influence (Counts 5 and 6); serious injury by vehicle for causing bodily harm to Kimberly Rohletter and Jonathan Hester by driving recklessly (Counts 7 and 8); driving under the influence of drugs to the extent she was less safe to drive (Count 9); and reckless driving (Count 10). The case proceeded to a jury trial.

The jury found Phillips guilty of two counts of second-degree vehicular homicide, as lesser included offenses of first-degree vehicular homicide by DUI (Counts 1 and 2); all counts of vehicular homicide by reckless driving and serious injury by vehicle by reckless driving (Counts 3-4 and 7-8); and the standalone reckless driving charge (Count 10). The jury found Phillips not guilty of the serious injury by vehicle by DUI charges (Counts 5-6) and the standalone DUI charge (Count 9). Thus, Phillips was acquitted of all DUI-related charges. The trial court sentenced her to a total of 23 years, to serve 12 in confinement and the remainder on probation.[2] Following the denial of her motion for new trial, Phillips appeals.

---

[2] The court initially sentenced Phillips to 30 years, to serve 16 in confinement, but she filed a successful motion to reconsider her sentence.

1. Phillips argues that the trial court erred by allowing the State to introduce evidence of her prior battery conviction during the cross-examination of her stepmother. We disagree.

Phillips's trial counsel called Phillips's stepmother as a witness at trial and asked her, "[H]ow would you describe Kymbalee's personality?" The stepmother responded, "She's very soft spoken, very mild mannered, very kind. She's—" At that point, the prosecutor made an objection on the basis of relevance, which the trial court sustained. Phillips's counsel continued the direct examination by asking the stepmother about Phillips's medical conditions, including her social anxiety and depression.

At the close of the direct examination, the prosecutor argued during a bench conference that the stepmother's testimony had opened the door for the State to introduce evidence of Phillips's prior conviction for battery against her mother. Defense counsel claimed that she merely had been trying to address testimony from the State's witnesses that Phillips appeared to be "not . . . caring" and "oblivious" after the wreck and that evidence of the prior conviction would be unfairly prejudicial. The trial court ruled that the State could use the conviction for impeachment purposes. Accordingly, during cross-examination, the prosecutor asked

if the stepmother was aware that Phillips previously had been convicted of battery against her mother. The stepmother answered that she was not aware of the conviction, but that Phillips had "always been mild mannered and kind to [her]."

> Under Georgia's current Evidence Code, the admissibility of evidence of a defendant's character is governed by OCGA §§ 24-4-404 and 24-4-405. As a general rule, evidence of a person's character is inadmissible. But, when a witness testifies about a defendant's good character, the State may cross-examine that witness about the defendant's prior misconduct in an attempt to undermine the witness's credibility. As part of the cross-examination of the character witness by the State, inquiry is allowable into relevant specific instances of conduct, including prior convictions or arrests of the accused.

*Montgomery v. State*, 350 Ga. App. 244, 246 (1) (828 SE2d 620) (2019) (citations and punctuation omitted). "Even evidence that would be inadmissible if offered to impeach the defendant's character may be admissible to impeach the veracity of a witness." *Merritt v. State*, 288 Ga. App. 89, 100 (3) (653 SE2d 368) (2007) (citation and punctuation omitted). "We afford great deference to the trial court's rulings in this regard[,]" and we will not reverse absent an abuse of discretion. *Harris v. State*, 330 Ga. App. 267, 271 (1) (765 SE2d 369) (2014).

6

In her motion for new trial, Phillips argued that because the trial court sustained the State's objection to the stepmother's character testimony, "the [d]efense did not open the door" to evidence of the prior conviction. The trial court rejected this argument, ruling that

> [b]ecause neither party sought a curative instruction after the State's objection to relevance was sustained, [the stepmother's] testimony that [Phillips] is soft-spoken, very mild-mannered, and very kind remained on the record as admissible character evidence and the door to cross-examination on bad character was opened.

(Punctuation omitted.) On appeal, Phillips reiterates her argument that "the door to evidence of . . . her character was closed" when the trial court sustained the State's objection and interrupted the stepmother's testimony, and the impeachment evidence should not have come in.

As the State points out in its appellate brief, however, the testimony that Phillips was mild-mannered and kind "was not withdrawn [or] stricken, and no curative instructions were given." See *Gissendaner v. State*, 272 Ga. 704, 712 (9) (532 SE2d 677) (2000) (jury could consider arguments of counsel even though trial court sustained an objection to them because counsel had already made the argument and "the jury was not instructed to disregard anything counsel had said"). In fact, the

7

stepmother elaborated on Phillips's demeanor thereafter, testifying that she suffered from social anxiety and depression and that shortly after the wreck, she was "withdrawn" and "in shock" and had "totally internalized everything." Accordingly, we conclude that the State's sustained objection did not close the door to the impeachment evidence and that the trial court did not abuse its discretion by allowing it.

Further, even if admission of the prior battery conviction was error, we find that it was harmless under the specific facts of this case. See *Thomas v. State*, 314 Ga. 681, 686 (1) (c) (878 SE2d 493) (2022) (error in admitting defendant's prior conviction "warrants reversal only if it was harmful"; error is harmless when "it is highly probable that [it] did not contribute to the verdict") (citation and punctuation omitted). The stepmother's testimony that Phillips was naturally mild-mannered was introduced to counter the State's suggestion that her lack of emotion after the wreck resulted from being under the influence of drugs to the extent that she was a less safe driver. Evidence of the prior battery conviction was admitted to impeach the stepmother's credibility on this issue. But the jury found Phillips not guilty of all DUI-related charges. Thus, the jury resolved the question of whether Phillips's demeanor signified a subdued personality, or drug intoxication, in her favor. Under

these circumstances, it is "highly probable" that evidence of the prior conviction "did not contribute to the verdict." See id. (citation and punctuation omitted).

2. Phillips also argues that her trial counsel was ineffective for failing to file a general demurrer to Counts 3 and 4 of the indictment, which alleged that Phillips committed first-degree vehicular homicide by reckless driving. Phillips contends that those counts omitted an essential element of the crime. Because the indictment, when considered as a whole, was not fatally defective, we find no ineffective assistance.

To prevail on her ineffective assistance claim, Phillips must show "both that her counsel's performance was professionally deficient and that she was prejudiced by the deficient performance." *State v. Heath*, 308 Ga. 836, 839 (843 SE2d 801) (2020). See generally *Strickland v. Washington*, 466 U. S. 668 (104 SCt. 2052, 80 LE2d 674) (1984). "Failure to satisfy either prong of the *Strickland* test is sufficient to defeat a claim of ineffective assistance," in which case we need not examine the other prong. *Green v. State*, 302 Ga. 816, 818 (2) (809 SE2d 738) (2018) (citation and punctuation omitted). A lawyer does not render deficient performance by not filing a general demurrer that "would have been meritless." *Smith v. State*, 313 Ga. 752, 759 (2) (b) (873 SE2d 142) (2022).

9

Georgia's vehicular homicide statute provides, in pertinent part: "Any person who, without malice aforethought, causes the death of another person through the violation of . . . Code Section[] 40-6-390 [reckless driving]. . . commits the offense of homicide by vehicle in the first degree[.]" OCGA § 40-6-393 (a). OCGA § 40-6-390 (a), in turn, provides that "[a]ny person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."

"A general demurrer challenges the sufficiency of the *substance* of the indictment. If the accused could admit each and every fact alleged in the indictment and still be innocent of any crime, the indictment is subject to a general demurrer." *Kimbrough v. State*, 300 Ga. 878, 880 (2) (799 SE2d 229) (2017) (citation and punctuation omitted). Thus, to withstand a general demurrer, the indictment must either "(1) recite the language of the statute that sets out all the elements of the offense charged, or (2) allege the facts necessary to establish violation of a criminal statute." *Jackson v. State*, 301 Ga. 137, 141 (1) (800 SE2d 356) (2017). But

> an indictment which omits an essential element of the predicate offense in a count charging a compound offense, such as vehicular homicide . . ., can nonetheless satisfy the requirements of due process as long as the indictment charges the predicate offense completely in a separate count.

10

*Heath v. State*, 349 Ga. App. 84, 87 (2) (825 SE2d 474) (2019) (citation and punctuation omitted), aff'd, *State v. Heath*, 308 Ga. 836. See also *Mikenney v. State*, 277 Ga. 64, 65 (1) (586 SE2d 328) (2003).

In this case, Count 3 of the indictment charged Phillips with first-degree vehicular homicide by killing Sarah Bradshaw while driving a motor vehicle in

> violation of O.C.G.A. 40-6-390, Reckless Driving, in that she made a left hand turn from East Wolf Creek Road into the north bound lanes of traffic on Georgia Highway 15 and then drove across the median into the south bound lanes of traffic on Georgia Highway 15 and hit a southbound Nissan Titan in which Sarah Bradshaw was a passenger[.]

Count 4 contained identical language, except that it named the victim as Matthew Hester. As Phillips notes, Counts 3 and 4 do not include the language from OCGA § 40-6-390 (a) that she "drove with reckless disregard for the safety of persons or property."

However, Count 10 of the indictment separately charged Phillips with reckless driving by operating a vehicle "in a reckless manner in reckless disregard of the safety of persons and property."[3] And Counts 7 and 8, which charged serious injury

---

[3] Count 10 went on to allege that Phillips acted recklessly "by making a left hand turn from East Wolf Creek Road into the north bound lanes of traffic on Georgia Highway 15 and then dr[iving] across the median into the south bound lanes of traffic

11

by vehicle through a violation of OCGA § 40-6-390, alleged that she "did drive a motor vehicle in a reckless manner in reckless disregard of the safety of person and property." Thus, while the language of OCGA § 40-6-390 — the predicate offense for the vehicular homicide charges in question — was missing from Counts 3 and 4, that language was included fully in three other counts in the indictment. Under these circumstances, the indictment was not fatally defective, and a general demurrer would not have succeeded. See *McKinney*, 277 Ga. at 65-66 (1) (indictment was not defective where felony murder charge did not allege all essential elements of the predicate offense, but those elements were included in a separate charge alleging the predicate offense itself). Compare *Heath*, 349 Ga. App. at 87-88 (2) (reckless driving indictment was fatally defective where "none of the counts charging compound offenses contained the essential elements of the predicate offenses of reckless driving and [DUI], nor did they allege the facts necessary to establish violations of the predicate offenses" and "the indictment did not contain separate counts charging the predicate offenses"). Therefore, trial counsel was not ineffective for failing to file a general demurrer. See *Smith*, 313 Ga. at 759 (2) (b).

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur.*

on Georgia Highway 15 and hit[ting] a southbound Nissan Titan . . ."

12